THE SAME ads. OLIVER E. HOSMER and others.

GRIDLEY, Justice.—The only difference between this case and the one just considered, is, that in this, instead of a demurrer, the Defendant put in an answer *not verified by oath*.   The 133d section of the code requires the answer to be "*verified*" by the party, his agent, or attorney, to the effect that he believes it to be true.   The act does not state *in terms* that it shall be *verified by oath*, which is a form of expression usually adopted when an oath is required.   The word "verify" sometimes means, to confirm and substantiate by oath and sometimes by argument.   Webster and Walker define it both ways.   When used in legal proceedings it is generally employed in the former sense.   Thus a plea in bar which concludes

with what is called a verification, does so in these words: " *all which the said Defendant is ready to verify,*" clearly meaning *to prove to be true*, or *establish by evidence.*

When a word, used in a statute, is susceptible of two meanings, we are to inquire which will best comport with the object and intent of the act. Testing the question by this rule, all difficulty is at once removed. The legislature could have had no object in requiring any other verification than by oath; a verification by a certificate, or an express averment would add no force or solemnity to the simple and direct allegations of the complaint, and a verification by argument is wholly inappropriate, and can have no application to the verification of a complaint.

Again, in the construction of a statute, all its parts are to be regarded in the interpretation of any particular provision or clause. Now the next succeeding sentence in the section under consideration, is decisive of the meaning of the word *verify.* The whole section reads thus: " The answer, &c., must *be verified* by the party, his agent or attorney, to the effect that he believes it to be true, *except in cases where the party would be privileged from testifying as a witness to the same matter.*" In other words, a party will be excused from *swearing* to his answer in all cases where he would be excused from *swearing* to the same fact as a witness.

Such, it seems to me, is the fair reading of this section. The answer in this case not being verified by oath, in analogy to the case of pleas in abatement, may be treated as a nullity. The motion must, therefore, be denied, but without costs.