standing or agreement, differing from and controlling that expressed upon the face of a note, would be not only recognizing a new principle with regard to commercial paper, but one of a very dangerous character. (Hoare a. Graham, *supra;* Thompson a. Ketchum, 8 *Johns.*, 198; Fitzhugh a. Runyon, *Ib.*, 375; Wells a. Baldwin, 18 *Ib.*, 45.) The force and effect of a contract must be determined by the contract itself, and not by the proof *aliunde;* and this general rule of law is as applicable to notes as to other written instruments. (McCurtie a. Stevens, 13 *Wend.*, 527; Parsons a. Gaylord, 3 *Johns.*, 463; *Edwards on Promissory Notes*, 313; Pratt a. Gulick, 13 *Barb.*, 297; Payne a. Ladue, 1 *Hill*, 116; Erwin a. Saunders, 1 *Cow.*, 249; Hunt a. Adams, 7 *Mass.*, 518; Stackpole a. Arnold, 11 *Ib.*, 27.)

The promise here set up was to forbear and give time for payment, in consideration of the defendants doing what they were already bound to do. Such an act of duty could not be regarded as sufficient consideration for any purpose, as the defendants, by paying one of their notes at maturity, but discharged a legal obligation which cannot be supposed to have caused injury or benefit to either party. (Gibson a. Renne, 19 *Wend.*, 389.)

There being clearly nothing in the defence set up, or attempted to be established at the trial below, there exists no reason for opening the judgment of affirmance already entered.

Motion denied, with $10 costs.

## COOK a. KELLEY.

*New York Common Pleas; Special Term, February,* 1861.

ACKNOWLEDGMENT OF ASSIGNMENT UNDER ACT OF 1860.

Under the act of 1860 (*Laws of* 1860, 594, ch. 348, § 1),—requiring assignments for benefit of creditors to be in writing, and duly *acknowledged* before delivery,—an assignment which is *proved* by a subscribing witness, is not effectual.

If an affirmative statute, introductive of a new law, direct a thing to be done in a certain manner, that thing cannot, even although there are no negative words, be done in any other manner.

Motion for injunction and receiver.

The facts are stated in the opinion.

*D. & T. McMahon,* for the motion.

*Brown, Hall & Vanderpoel, Arthur & Gardiner, G. W. Cotterill, F. Byrne,* and *William Fullerton,* opposed.

HILTON, J.—The plaintiff claims, as assignee of Cornell & Conly, to be interested in certain property in the possession or under the control of the defendants, and in respect to which he asks for an injunction and receiver. The assignment to him bears date December 21, 1860, and purports to have been executed by Cornell & Conly for the benefit of their joint and individual creditors; but because, from the certificate of the commissioner of deeds indorsed upon it, it appears that Cornell alone has acknowledged executing it, and its execution by Conly has only been proved by a subscribing witness, the defendants contend that its delivery in this condition was in violation of the "act to secure to creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors," passed April 13, 1860 (*Laws of* 1860, 594, ch. 348); and therefore the plaintiff has acquired no right or interest in the property which is the subject of the action.

By the first section of this act it is declared that every such assignment thereafter made shall be in writing, and shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds; and the certificates of such acknowledgment shall be duly indorsed upon the instrument before the delivery thereof to the assignee therein named.

Of course it will not be pretended that any interest would vest in the assignee until the assignment had been duly delivered to him; and as it is a familiar rule,—indeed it may be said to exist as a maxim,—that if an affirmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even although there are

Cook *a.* Kelley.

no negative words, be done in any other manner (*Dwarris on Statutes*, 641), it follows that there cannot under this law be a valid delivery of an assignment for the benefit of creditors until the prerequisites of the statute have been complied with. Those prerequisites are : 1. The assignment must be in writing. 2. It must be acknowledged by the party making it before an officer authorized to take the acknowledgment of deeds. 3. The certificate of such acknowledgment must be duly indorsed on the instrument.. And not until all these things have deen done can a delivery of the instrument be made which will vest in the assignee any interest in the property described in the assignment : they are formalities which the statute requires, and must, therefore, be deemed essential; and until complied with, the instrument is not in a condition to be delivered. (2 *Greenleaf's Evid.*, § 297.)

But it is said that the object of the law in requiring the assignment to be acknowledged, was only to put it in a condition to be recorded; and as a proof of its execution by a subscribing witness, is equivalent for that purpose to the actual acknowledgment of the party, it is, therefore, a substantial compliance with the statute. I am unwilling, however, to assent to this view for several reasons.

1. The language used is free from any ambiguity. The party executing the instrument is required to acknowledge it before an officer authorized to take the acknowledgment of deeds, and the certificate of such acknowledgment must be indorsed upon the paper.

2. The term " acknowledgment" has a well-known legal signification. It is the act by which a party who has executed an instrument, declares or acknowledges it before a competent officer to be his act and deed. (*Burrill's Law Dictionary ;* 3 *Rev. Stat.*, 46, 5 ed., § 4 ; 56, § 33.) Proving the execution by a subscribing witness is so totally different from an acknowledgment by a party (3 *Rev. Stat.*, 53, 5 ed., § 36), that it cannot be presumed the Legislature used the latter expression without intending it to be understood in its plain and obvious sense.

3. An instrument duly executed, and proven by a subscribing witness, will be presumed to have been delivered on the day of its date unless the contrary is shown; and the burden of proof is on the party alleging the delivery on another day.

(Elsey *a.* Metcalf, 1 *Den.*, 323; 1 *Greenleaf's Evid.*, § 297.) The object of the statute may have been to do away in some degree with this presumption, or at least to prevent any doubt arising as to when the assignment was actually executed, acknowledged, and delivered, and to fix a time, which would be ·apparent from an inspection of the instrument, when it took effect.

Entertaining these views, it seems unnecessary to pass upon the other questions which were argued before me. I deem it proper to add, however, that in my opinion the complaint is clearly multifarious, and for that reason, if there were no others, the present application should be refused.

Motion denied, with $10 costs.