(173 App. Div. 545)

In re BRISTOL et al., State Teachers' Retirement Fund Board.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊜⟶10—TEACHERS' PENSION FUNDS—POWER OF LEGISLATURE.

Laws 1911, c. 449, providing for a state teachers' retirement fund, and providing that where a local fund is maintained, on petition of two-thirds of the teachers, the state system shall be adopted, is within the power of the Legislature to enact, since it might repeal absolutely the local fund statutes, and a repeal on condition is proper.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 13; Dec. Dig. ⊜⟶10.]

2. SCHOOLS AND SCHOOL DISTRICTS ⊜⟶146 — TEACHERS' PENSION FUNDS — POWER OF LEGISLATURE.

The fact that some teachers are not members of the local retirement fund organization will not defeat the right to proceed under the statute providing that on petition of two-thirds of the teachers the state system shall be adopted.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. ⊜⟶146.]

3. SCHOOLS AND SCHOOL DISTRICTS ⊜⟶146 — TEACHERS' PENSION FUNDS — POWER OF LEGISLATURE.

The mere fact that janitors and registrars are allowed membership in a local retirement fund organization and cannot enter the state organization does not prevent a change to the state organization on petition of two-thirds of the teachers, especially where such ineligibles consented to refund of moneys paid, with interest; but in any event the general policy of the state ought not to be disturbed on such incidental condition, where none of the persons having legal or equitable rights object.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. ⊜⟶146.]

Appeal from Special Term, Albany County.

Mandamus by George P. Bristol and others, as the State Teachers' Retirement Fund Board, against the Board of Trustees of the Yonkers Public School Teachers' Retirement Fund Association and others. From an order granting a peremptory writ (93 Misc. Rep. 626, 158 N. Y. Supp. 503), defendants appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Thomas F. Curran, Corp. Counsel, and Max Cohen, Asst. Corp. Counsel, both of Yonkers, for appellants.

Walsh, Wallin, Beckwith & Edie, of Yonkers (William J. Wallin, of Yonkers, of counsel), for respondents Blute and others.

Frank B. Gilbert, of Albany, for Commissioner of Education.

Egburt E. Woodbury, Atty. Gen. (Franklin Kennedy, Deputy Atty. Gen.), of counsel, for respondents.

WOODWARD, J. By the provisions of chapter 449 of the Laws of 1911, article 43B was added to the Education Law. This article provides for the establishing and maintaining of a state teachers' retirement fund for public school teachers, and contemplates a general pen-

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sioning system for the teachers of this state who have served the required time and who have complied with the conditions named in the statute. This act, general in its provisions, is limited in its application by section 1109b, which declares that it—

"shall not apply to any county, city or district in which the teachers in the public schools thereof are required or authorized to contribute to a teachers' retirement fund, or in which such teachers are entitled to annuities or pensions, in accordance with any special or local act applicable to such county, city or district: Provided, that whenever the state teachers' retirement fund board is satisfied that more than two-thirds of all the teachers employed in the public schools of any county, city or district are willing to become subject to this article, as shown by a petition duly signed and verified by such teachers, such board shall issue its order directing that on and after the date thereof this article shall apply to such county, city or district. * * * Thereupon the organization or society created under the said local or special act applicable to a county, city or district shall be dissolved and discontinued and the treasurer or other custodian of the funds of such organization or society shall pay into the state treasury any funds in his possession belonging to said organization or society, after paying any outstanding obligations other than annuities. Such funds shall be credited to the retirement fund provided for herein. All persons who have been placed upon the retired list pursuant to the provisions of such local or special act, previous to the date when such local organization or society determined to come under the provisions of this act, shall become annuitants under this act and shall be entitled to receive the same amount which they would have been entitled to receive under the provisions of their retirement under said local or special act had such organization or society created thereunder not been dissolved and discontinued. Upon the execution and service of such order the teachers employed in the county, city or district to which such order relates, shall contribute one per centum of their salaries to the retirement fund and they shall be entitled to all the privileges thereof, under the conditions and restrictions imposed by this article and the rules of the board."

[1] The effect of these provisions is that whenever two-thirds of the teachers of any county, city, or district, having a local or special act, petition to come within the provisions of the general act, the state board issues an order which dissolves the local organizations and brings all the teachers of such county, city, or district within the operation of the general law. In other words, the Legislature has made use of its reserved power to abrogate all local or special acts and to bring all of the teachers of the state within a single statute, suspending the operation of the law until a given portion of the teachers of such county, city, or district shall request the privileges of the state system. The Legislature had the clear right to repeal any or all of these local statutes outright, and it could, therefore, make the repeal operate at any given time or upon the happening of any given event, and having determined to enter upon a system which should be general in its operation throughout the state, no just criticism can be made upon the provisions which permit two-thirds of the teachers actually employed in the public schools of any county, city, or district having local or special laws, to determine whether they will maintain the local provisions or join in the state system.

[2] The fact that some of the teachers may not be members of the local organization has no bearing upon the case. There may be local conditions which would effectually bar a portion of the teachers from participation in a local system, who would be willing and anxious to

become members of a state system, and the provisions of section 1109b provide for this, and at the same time provide for taking care of those who have become entitled to annuities upon the same basis which is provided in the local organization.

[3] In the matter now before us, it is not questioned that the required number of teachers employed in the schools of the city of Yonkers have petitioned to come within the operation of the general act; but it is urged, as against the peremptory writ of mandamus, sued out by the state board, commanding the turning over of the funds of the local society, that the act violates some of the constitutional or other rights of the teachers who are now members of the local organization. No teacher or other person interested in the fund, so far as the record shows, is making any objection to the carrying out of the general act. The opposition comes from the immediate custodians of the local funds, and it may be fairly questioned whether they are in a position to raise the questions which are sought to be determined upon this appeal. Assuming, however, that they are the proper parties to urge the alleged objections, we are unable to discover any substantial grounds for this appeal. The Legislature clearly has a right to amend or repeal the local act under which the Yonkers Public School Teachers' Retirement Fund Association was organized, and to dispose of the funds of such association in harmony with the purposes for which they were accumulated, and the mere incidental fact that under the local organization janitors and registrars were admitted to membership, who are excluded from the terms of the general act, does not offer a serious obstacle to the working out of the plan. These persons have evidenced their willingness to receive their contributions with 4 per cent. interest and to retire from participation in the fund, and we are of the opinion that these funds, which never legitimately belonged to a teachers' retirement fund, constitute an outstanding obligation other than annuities which may be properly paid to these persons. Concededly no one is injured by such a disposition beyond the amount of interest involved, and if we assume the funds to have been legitimately invested they must have earned this amount. Certainly the general policy of the state ought not to be disturbed because of any such incidental condition, and particularly where none of the persons having legal or equitable rights in the ultimate disposition of the money are here objecting.

We are of the opinion that there is no constitutional question involved. The funds were public funds (Matter of Mahon v. Board of Education, 171 N. Y. 263, 63 N. E. 1107, 89 Am. St. Rep. 810), subject to some equitable considerations on the part of the members of the local association, perhaps, and they are to be paid out to existing annuitants in exact accord with their existing arrangements, while as to the future only those are to share in the fund who have contributed a certain portion of the annuity and who have conformed to the requirements of the general act. Educational Law, §§ 1109a, 1109b.

The order appealed from should be affirmed, without costs. All concur.