In the Matter of the Application of GEORGE P. BRISTOL et al., as Members of the Retirement Board of the New York State Teachers' Retirement System, Appellants, for a Peremptory Writ of Mandamus against GEORGE S. BUCK et al., as Trustees of the Public School Teachers' Retirement Fund of the City of Buffalo, et al., Respondents.

*Schools — teachers' retirement fund — provision of Education Law that upon petition of two-thirds of teachers of county, city or district, duly verified, provision of statute for teachers' retirement fund shall apply to said county, city or district — failure to verify petitions fatal to such attempted transfer.*

*Matter of Bristol* v. *Buck*, 201 App. Div. 100, affirmed.

(Argued June 1, 1922; decided July 12, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 9, 1922, which reversed an order of Special Term granting a peremptory writ of mandamus to compel the defendants to transfer to the state treasurer moneys belonging to the public school teachers' retirement fund of the city of Buffalo. Article 43-B of the Education Law provided for a state teachers' retirement fund. Section 1109-b provided: " that whenever the state teachers' retirement fund board is satisfied that more than two-thirds of all the teachers employed in the public schools of any such county, city or district are willing to become subject to this article, as shown by a petition duly signed and verified by such teachers, such board shall issue its order directing that on and after the date thereof this article shall apply to such county, city or district." The section further provided that thereupon the provisions of said article should apply to such county, city or district and that the treasurer or other custodian of the local fund should pay the same into the state treasury to be credited to the state teachers' retirement fund. On April 29, 1921, the state teachers' retirement fund board, on petitions of more than two-thirds of the public school teachers of Buffalo, pursuant to the provisions of section 1109-b above quoted, made

an order that on and after July 1, 1921, the provisions of the state law should apply to the city of Buffalo. It appeared that the petitions had been signed by the teachers but not verified as required by statute. The Appellate Division held this defect to be fatal and the attempted transfer void.

*Charles D. Newton, Attorney-General (Frank B. Gilbert of counsel), for appellants.*

*Louis E. Desbecker* for School Teachers of the City of Buffalo.

*William S. Rann, Corporation Counsel (Jeremiah J. Hurley of counsel), for respondents.*

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

WILLIAM W. HOWARD et al., Respondents, *v.* THE CITY OF NEW YORK, Appellant.

*Constitutional law — validity of chapter 813 of Laws of 1917 authorizing cities to purchase commodities for resale.*

. *Howard* v. *City of New York*, 199 App. Div. 596, re-argument ordered.

(Argued June 1, 1922; decided July 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1922, which reversed an order of Special Term denying plaintiffs' motion for judgment on the pleadings and sustaining a demurrer to the complaint. The following question was certified: " Does the complaint herein state facts sufficient to constitute a cause of action against the defendant? " The action was brought to recover the balance due upon the price of the sale of a cargo of salt herrings weighing 348,766 pounds at seven and one-half cents a pound and for damages sustained in the way of demurrage paid, for detention of the vessel for an unreasonable time, by reason of the failure to remove the cargo within a reasonable time. The contract for the purchase of the