In the Matter of ERIK W. ERIKSON, on Behalf of Himself and All Other Persons Similarly Situated, Respondent, for an Order Directing S. HOWARD COHEN and Others, Individually and Constituting the BOARD OF ELECTIONS OF THE CITY OF NEW YORK, to Accept the Declination Heretofore Executed by THOMAS F. WADE and Filed with the Board of Elections on the 24th Day of August, 1934, Declining the Nomination for County Committeeman in the Third Election District of the First Assembly District, Bronx County, Appellants.

First Department, December 14, 1934.

*Russell Lord Tarbox* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellants.

*Seymour Mork,* for the respondent.

O'MALLEY, J.  By this appeal the parties seek a decision as to whether, under section 138 of the Election Law, a person designated as a candidate for a party position may decline by a certificate signed by him, but acknowledged by a subscribing witness.

The briefs concede that because the election in which the question arose has passed, the particular issue presented has become academic. The appellants, however, as a guide for their future conduct, have requested an expression of opinion.

One Thomas F. Wade was designated for the position of county committeeman in the third election district of the first Assembly district, Bronx county.  He signed and filed with the defendants, constituting the board of elections of the city of New York, a declination which, however, was not acknowledged by him personally, but by one Schnier, as a subscribing witness.

Section 138 of the Election Law, so far as material, reads:  " A person designated as a candidate for nomination or for party position  *  *  *  may, in a certificate signed and acknowledged *by him,* and filed as provided in this article, decline the designation or nomination."  (Italics ours.)

To support his contention that the acknowledgment may be by a subscribing witness and not by the candidate personally, the petitioner relies upon section 11 of the General Construction Law, and sections 303 and 304 of the Real Property Law.  Section 11 of the General Construction Law provides that when the execution of any instrument is required by law to be acknowledged so as to entitle it to be filed in a public office, the acknowledgment may be taken before any officer then and there authorized to take the acknowledgment or proof of the execution of a deed of real property to entitle the deed to be recorded in a county clerk's office, and that the acknowledgment shall be made and certified in the same manner as the acknowledgment or proof of such deed.

Section 303 of the Real Property Law provides that the acknowledgment must not be taken by the officer unless he knows or has

satisfactory evidence that the person making it is the person described in and who executed the instrument. Section 304 of the Real Property Law provides that when the execution of a conveyance is proved by a subscribing witness, such witness must state his own place of residence and that he knew the person described in and who executed the conveyance.

Even if a subscribing witness were entitled to make the acknowledgment to a declination under section 138 of the Election Law, the present acknowledgment is insufficient under section 304 of the Real Property Law. The only residence given by the subscribing witness in the acknowledgment in this record is " County of Bronx, State of New York; " this is clearly insufficient. For this reason alone, the order appealed from would be erroneous.

We are further of opinion, however, that under section 138 of the Election Law, the acknowledgment may not be made by a subscribing witness.

Where a statute contains requirements as to compliance with its terms, words of the statute may not be disregarded, nor other words interpolated, even in an attempt at liberal construction. (*Matter of Bristol* v. *Buck*, 201 App. Div. 100, 102; affd., 234 N. Y. 504.)

Section 138 of the Election Law does not merely state that the declination should be signed and acknowledged. In express language it requires that the declination of any candidate must be by a certificate " signed and acknowledged *by him.*" This is a clear requirement that the acknowledgment, as well as the signing of the declination, must be by the candidate himself. Where the statute makes such requirement, an acknowledgment is not satisfied by that of a subscribing witness. (*Cook* v. *Kelley,* 12 Abb. Pr. 35; affd., 14 id. 466.)

The Legislature in enacting the Election Law was quite careful when authorizing acknowledgments other than in the usual form to expressly so provide. (Election Law, §§ 135–137.) In other enactments, also, the Legislature has used apt words when an acknowledgment other than that of the party himself was authorized; *e. g.* Civ. Prac. Act, section 1449.

The authorization in the Real Property Law for an acknowledgment by a subscribing witness was but a legislative enactment of an already existing custom. In the early years of the republic, this sort of acknowledgment was adopted and authorized because it had been a custom in the days of the Dutch sovereignty, under English common law, and because of the exigencies created by the Revolution. (See *Van Cortlandt* v. *Tozer,* 17 Wend. 338; affd., 20 id. 423; *Blackman* v. *Riley,* 63 Hun, 521; affd., 138 N. Y. 318.)

This method of acknowledgment was apparently an exception to the general form at common law.

We are of opinion, therefore, that the declination under section 138 of the Election Law must not only be signed by a candidate but also acknowledged by him, and that the acknowledgment may not be made by a subscribing witness. The general words of section 11 of the General Construction Law must yield to the specific requirements of section 138 of the Election Law. As to whether the acknowledgment may be made by a duly authorized agent of the candidate is a question not here presented and which we do not now decide. (See *Lowenstein* v. *Flauraud*, 11 Hun, 399; affd., 82 N. Y. 494.)

It follows that the order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied.