In the Matter of the Petition of LYNDA M. MAUL for a Determination of Her Right under Section 18 of the Decedent Estate Law to Elect to Take an Intestate

Share as against the Provisions of the Last Will and Testament of PETER MAUL, Deceased.— Decree affirmed, without costs. Memorandum: The execution by Lynda M. Maul during the lifetime of her husband, Peter Maul, now deceased, of an instrument waiving her right of election to take against the last will and testament of her said husband, was proved by a subscribing witness. This was a compliance with the requirement of subdivision 9 of section 18 of the Decedent Estate Law, that such instrument should be " duly acknowledged." (Gen. Constr. Law, §§ 10, 11; Pers, Prop. Law, § 32; Real Prop. Law, § 274; *O' Keeffe* v. *Dugan*, 225 N. Y. 667, 668.) In *O' Keeffe* v. *Dugan* (*supra*), an action to restrain a town clerk from submitting to the electors at the town meeting the question of local option, it appeared that signatures of electors signing the petition were proved by subscribing witnesses, although section 13 of the Liquor Tax Law required that the petition should be signed and acknowledged by the electors before a notary public. The Court of Appeals, in answer to certified questions, held that the proof by subscribing witnesses of the signatures of electors subscribing the petition was a sufficient compliance with the requirement of the Liquor Tax Law, and also held that section 11 of the General Construction Law governed section 13 of the Liquor Tax Law as to the acknowledgment of the petition. There is a later case (*Matter of Erikson* v. *Cohen*, 243 App. Div. 1) which might seem to be in conflict with the decision in the *O' Keeffe* case. Therein it was held that a declination of the designation for a party position was insufficient because the subscribing witness did not properly state his place of residence. The written opinion went on further to hold that such declination must be acknowledged by the candidate and that the acknowledgment could not be made by a subscribing witness, saying that the General Construction Law did not govern the execution of such instrument because the Election Law provides that the certificate of declination of a candidate must be " signed and acknowledged by him." The *O' Keeffe* case (*supra*) was not commented upon or cited in the *Erikson* opinion (*supra*) and a reference to it was not contained in the briefs submitted to the court in the *Erikson* case. In view of the holding in the *O' Keeffe* case it must be presumed that the majority of the court did not concur in the obiter remarks contained in the opinion in the *Erikson* case. In any event, we do not feel bound by the remarks in the opinion in the *Erikson* case and choose to follow the ruling in the *O' Keeffe* case. All concur, except Harris, J., who dissents and votes for reversal in the following memorandum: The words " duly acknowledged " and " so executed," as used in subdivision 9 of section 18 of the Decedent Estate Law, should be construed as requiring a statement by the signer of the instrument made before a proper officer that such instrument was executed with a full knowledge of, and acquiescence in, the contents and purpose of the instrument. (See *Rogers* v. *Pell*, 154 N. Y. 518, at p. 527, and *Matter of Erikson* v. *Cohen*, 243 App. Div. 1.) Thus only can the beneficial results of the statute be assured to the one who it is claimed has elected to waive his or her rights under section 18 of the Decedent Estate Law. (*Matter of McGlone*, 284 N. Y. 527, and *Matter of Hearn*, 261 App. Div. 924.) There being no compliance shown with the provisions of subdivision 9 of section 18 of the Decedent Estate Law, we should reverse the decree of the Surrogate's Court of Erie County and declare the instrument in question dated August 19, 1939, to be of no effect as against the right of the surviving spouse,

the appellant herein, for election under section 18 of the Decedent Estate Law. (The decree dismisses the petition and adjudges that the petitioner has no right of election to take the share of a surviving spouse in a proceeding to establish a right of election.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ. [176 Misc. 170.]