In the Matter of the Accounting of JULIUS BERMAN, as Executor of TILLIE SOMMERS, Deceased.

Surrogate's Court, Kings County, May 2, 1951.

*Jacob A. Singer* for executor, petitioner.

*Carl Moskowitz,* special guardian.

*Irving J. Seaver* for Louis Sommers.

RUBENSTEIN, S.   The first question to be determined in this accounting proceeding is the validity and effect of the notice of election filed by the surviving husband to take against the will.   The executor has set up as a bar to the husband's claim an instrument, dated May 28, 1946, signed by the testatrix and her husband but which was neither acknowledged nor witnessed.

This instrument provided in part that each of the signatories waived and renounced " any statutory intestate right as surviving spouse, to take or claim any share or part of the estate of the deceased party or any other right, title and interest therein or thereto, not specifically given, devised or bequeathed to the said surviving party in and by the Last Will and Testa-

ment of the party hereto who shall first die.'' The form of the agreement is not of the essence, but it is sufficient under the statute if there is a waiver or release of all rights in the estate of the other spouse (Decedent Estate Law, § 18, subd. 9).

The burden of establishing the waiver of the right of election to take against the will in this particular case is upon the executor (*Matter of Guggenheim,* 180 Misc. 833).

As part of the executor's case the husband was called as a witness. He was shown the instrument referred to and was asked whether he signed it. He admitted that he had. It is the contention of the executor that such acknowledgment before the Surrogate on the part of the husband was sufficient to constitute a compliance with the statute requiring the waiver to be acknowledged.

No proof has been offered that any undue advantage was taken of the husband, but it is argued by his counsel that the executor has failed to demonstrate that the husband knew or understood the contents or the import of the document. As part of the examination of the husband by the executor the husband testified, `` I don't know what it is she told me and I signed it.''

In *Pimpinello* v. *Swift & Co.* (253 N. Y. 159, 162–163) the court said: `` Ordinarily, the signer of a deed or other written instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material. (Wigmore on Evidence, § 2415.) If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him. (*Chicago, St. P., M. & O. Ry. Co.* v. *Belliwith,* 83 Fed. Rep. 437.) '' (See, also, *Amend* v. *Hurley,* 293 N. Y. 587.)

Subdivision 9 of section 18 of the Decedent Estate Law provides that the husband or wife during the lifetime of the other may release the right of election to take against the last will of the other spouse. Such release to be effective must be subscribed by the maker and either acknowledged or proved in the manner required for the recording of a conveyance of real property, but the time of making such acknowledgment or proof is not fixed in the statute.

In *Matter of Maul* (176 Misc. 170, affd. 262 App. Div. 941, affd. 287 N. Y. 694) it was held that the acknowledgment of a subscribing witness to a waiver of the wife's right of election, after the death of the husband was a sufficient compliance with the statute. In this case, the word, acknowledged is defined as

follows (p. 172): " Acknowledge means ' to own or admit the knowledge of; to recognize as a fact or truth.' (Webster's New International Dict. [2d ed.]; Words and Phrases [Permanent ed.], vol. 1, p. 620.) In legal conception the term mentioned is defined as follows: ' The acknowledgment is an authentication or verification of the signature of the petitioner. * * * It establishes merely that the petition was " duly signed." It proves the identity of the person whose name appears on the petition that such person signed the petition.' (*Matter of Bristol* v. *Buck,* 201 App. Div. 100.) "

In *Rogers* v. *Pell* (154 N. Y. 518, 529) the Court of Appeals ruled: " An instrument is not ' duly acknowledged ' unless there is not only the oral acknowledgment but the written certificate also, as required by the statutes regulating the subject."

It cannot be denied that the husband subscribed the instrument during the lifetime of his wife. Its terms are clear and explicit. It was subscribed by him for the particular purpose set out therein. The Surrogate has no hesitancy in finding that the husband's intent was to be bound by its terms. He orally acknowledged the genuineness of his signature and the execution of the instrument before the Surrogate. In the absence of any provision in the statute as to the time of acknowledgment, may the Surrogate sit idly by and permit a fraud to be perpetrated on an estate by failure to cause a written certificate of acknowledgment to be attached to the instrument? The answer is obvious and the Surrogate's duty is plain. He is commanded " To administer justice in all matters relating to the affairs of decedents," (Surrogate's Ct. Act, § 40) and not to defeat it.

Within the definition of justice is the principle of rectitude and just dealing of men with each other. Honorable men do justice when they do that which is fair. It is the Surrogate's obligation to compel the husband to do what is fair under the circumstances and thereby avert the commission of a fraud upon the decedent and her estate. The Surrogate has, therefore, caused a written certificate of acknowledgment to be attached to the waiver and determines that the husband has no right of election.

The husband is entitled to his statutory setoff of $300 as exempt property (Surrogate's Ct. Act, § 200).

The fee of the attorney for the executor will be fixed upon filing an affidavit, on notice, of the legal services performed by him.

Proceed accordingly.