In the Matter of D. Kenneth Winebrenner, Petitioner, against Henry J. De Witt, Jr., et al., Constituting the Town Board of the Town of Tonawanda, et al., Respondents.

Supreme Court, Special Term, Erie County, May 12, 1955.

*Anthony J. Renaldo* for petitioner.

*O. Clyde Joslin* for respondents.

R. O'Brien, J.   This is a proceeding brought before the court on the petitioner's order directing the respondents to show cause why the court " should not review the action of the Town Board of the Township of Tonawanda, Erie County, New York in their action of rejecting a petition filed with the Town Clerk of the Township " on the 12th day of April, 1955, signed by the necessary number of duly qualified electors, registered voters and taxpayers on the rolls of the town, and requesting that the two following propositions be submitted at a special election, viz.:

1. Shall the ward system be established in the town of Tonawanda for the election of town councilmen pursuant to section 81 of the Town Law of the State of New York?

2. Shall the number of councilmen of the Town of Tonawanda be increased from four to six pursuant to section 81 of the Town Law of the State of New York?

It is claimed by the petitioner that the said town board " illegally and without justification rejected said petition * * * and refused and refuses to call such special election ".

The submitted petition consisting of eighty-nine separate sheets was rejected as " defective, void, and no effect " by resolution of the town board because " the acknowledgments to said petition do not conform to the requirement of § 81 of the Town Law ".

The petition addressed to the town board of the Town of Tonawanda recites that it is submitted pursuant to the provisions of section 81 of the Town Law.   Said section permits a certain specified minimum number of electors qualified to vote upon a proposition to expend money in said town to petition for the submission of the two propositions, above stated, at a special election duly called for the purpose.

Subdivision 5 of section 81 provides that the petition permitted by the section requires " Such petition shall be subscribed and acknowledged " by its signers.

The petition submitted to the town board, concededly, was not acknowledged by each signer before the notary public whose name appears on the individual sheets.   On the contrary, each signer affixed his or her name, in the presence of a witness who in turn deposed before the notary public that he or she (the witness) was a duly qualified voter and elector of the town living at the address therein given, and that the witness knew each party who subscribed the petition and that such subscription was made in the presence of said witness.

The petitioner contends that the authentication of the signatures of the signers on various respective sheets or pages of

the petition by the various respective witnesses before the various respective notaries public, constitutes a compliance with the provisions of subdivision 5 of said section 81 of Town Law, and bases his claim on the argument that section 135 of the Election Law authorizes such type of authentication.

The court cannot agree with this claim because a mere reading of section 135 reveals that it refers to the form of designating petition for use by a candidate at a primary election or to a party position.

Likewise, the court cannot find any incorporation of the provisions of said section 135 of the Election Law, by reference, or otherwise, into section 81 of the Town Law. The petitioner's argument that section 91 of the Town Law is authority for incorporating said provisions into section 81 of the Town Law, is not tenable.

Section 91 of the Town Law is in article 7 of the law, and refers to a " *Permissive Referendum* " of an act or resolution of the town board, after it has been enacted, while section 81 of the Town Law is in article 6 of the law and refers to " *Town Elections* " which may be requested by petition.

It is significant to note that section 91, which prescribes that a permissive referendum may be petitioned by the electors, also specifically provides that such petition may be " authenticated in the manner provided by the election law for the authentication of designating petitions ", while any such reference to such authentication is omitted from section 81 which mandates that a petition thereunder " shall be subscribed and acknowledged ".

The Town Law was extensively revised in 1932 (L. 1932, ch. 634). The provisions of subdivision 5 of section 81 were originally in subdivision 6. In 1941, the law was again amended and said subdivision 6 became the present subdivision 5, without change. It must be assumed that the Legislature was aware of the different provisions pertaining to the purpose and form of petitions set forth in section 81 of article 6 and section 91 of article 7.

A study of the Town Law reveals that although section 81 has been amended in seven different years since 1932, no change has been made in the language of subdivision 5 requiring a petition thereunder to be " subscribed and acknowledged ".

In view of the foregoing, it becomes apparent that the decision relied upon by the petitioner in the case of *Matter of Sinicropi* (135 N. Y. S. 2d 77, affd. without opinion in 284 App. Div. 893), has no application to the case at bar.

On the contrary, it is the opinion of this court that this case is governed by the decision in the case of *Matter of Erikson* v. *Cohen* (243 App. Div. 1–4).

In the *Erikson* case (p. 2), the court determined the question " whether, under section 138 of the Election Law, a person designated as a candidate for a party position may decline by a certificate signed by him, but acknowledged by a subscribing witness."

Said section 138 provided " A person designated as a candidate for nomination or for party position   *   *   *   may, in a certificate signed and acknowledged by him, and filed as provided in this article, decline the designation or nomination."

In deciding that the " acknowledgment may not be made by a subscribing witness " as contended by the petitioner, the court pointed out at page 3, that " Where a statute contains requirements as to compliance with its terms, words of the statute may not be disregarded, nor other words interpolated, even in an attempt at liberal construction ", citing *Matter of Bristol* v. *Buck* (201 App. Div. 100, 102, affd. 234 N. Y. 504).

Again the court points out in the *Erikson* case at page 3, that where a statute requires a signer to acknowledge his signature " an acknowledgment is not satisfied by that of a subscribing witness ", citing *Cook* v. *Kelley* (12 Abb. Prac. 35, affd. 14 Abb. Prac. 466).

As the court again significantly points out in the *Erikson* case (p. 3) the Legislature has " used apt words " in various statutes " when an acknowledgment other than that of the party himself was authorized ".

In my opinion, subdivision 5 of section 81 of the Town Law is a clear and specific statement that an elector must acknowledge his or her subscription to a petition thereunder and under the authority of the *Erikson* case to which I have referred, the petition submitted herein did not comply with the requirements and therefore the town board of Tonawanda was justified in refusing to accept the same.