In the Matter of D. Kenneth Winebrenner, Appellant, against Henry J. De Witt, Jr., et al., Constituting the Town Board of the Town of Tonawanda, et al., Respondents.

Fourth Department, June 9, 1955.

*Anthony J. Renaldo* for appellant.

*O. Clyde Joslin* for respondents.

PIPER, J. The petition under consideration is authorized to be filed pursuant to the provisions of section 81 of the Town Law. Subdivision 5 of that section provides in part: "5. Such petition shall be subscribed and acknowledged by electors of the town qualified to vote upon a proposition to raise and expend money".

The petition was not acknowledged as required by the above subdivision but was authenticated by a witness to the signatures on each separate sheet by a witness, substantially as required by section 135 of the Election Law. Appellant urges that such authentication constitutes a substantial compliance with the words " subscribed and acknowledged ". He relies on *Matter of Sinicropi* v. *Carroad* (135 N. Y. S. 2d 77, affd. 284 App. Div. 893). The proceeding in that case was brought under section 91 of the Town Law which specifically authorizes the signatures to be " authenticated in the manner provided by the election law for the authentication of designating petitions." No such provision is found in section 81 of the Town Law.

In *Matter of Erikson* v. *Cohen* (243 App. Div. 1) the question was the construction of section 138 of the Election Law which provided that a declination of any candidate must be by a certificate " signed and acknowledged by him ". The court said (p. 3): " Where the statute makes such requirement, an acknowledgment is not satisfied by that of a subscribing witness " and " Where a statute contains requirements as to compliance with its terms, words of the statute may not be disregarded, nor other words interpolated, even in an attempt at liberal construction." (Citing *Matter of Bristol* v. *Buck*, 201 App. Div. 100, 102, affd. 234 N. Y. 504.)

In the *Bristol* case the statute required verification by the signers. The signers acknowledged but did not verify and it was held that the procedure followed did not comply with the provisions of the statute.

We think the above-cited cases require us to affirm the order dismissing the proceeding. If the language of the section is to be changed, it is a matter for the Legislature and not for the courts to determine.

The order of the Special Term should be affirmed, without costs.

All concur. Present — McCURN, P. J., VAUGHAN, PIPER, WHEELER and VAN DUSER, JJ.

Order affirmed, without costs of this appeal to any party.