W. Vincent Grady, =S.
On August 24,1960 James C. Hunger-ford filed with this court a duly acknowledged notice of election to take his intestate share of the estate of Julia M. Held, also known as Julia Hungerford, under section 18 of the Decedent Estate Law. Herbert J. Davis, executor of the last will and testament of decedent, questioned the validity of said election and the matter was set for a hearing and Baymond E. Aldrich, Jr., Esq., was appointed as special guardian of Donald Held to represent his interest in this proceeding. The matter has been adjourned from time to time and testimony taken and the arguments of respective counsel have been heard and the memoranda of law submitted has been read and the testimony and exhibits have been studied by the court and after due deliberation decides and finds as follows:
Julia M. Held, the decedent herein, and J ames 0. Hungerford were married on August 6, 1956. They subsequently separated and thereafter entered into a separation agreement dated *1001 August 4, 1959, which agreement was prepared by Herbert J. Davis, Esq., the attorney for the decedent herein and her personal representative in this estate.
Under paragraph numbered “ Four ” of the separation agreement the decedent and James 0. Hungerford each waived the right of election to take against the last will and testament of the other. While both the decedent and her husband actually signed the separation agreement, and a certificate of acknowledgment was attached to the instrument, it was not signed by a notary public. However, the agreement was in fact acknowledged by decedent before her attorney. James C. Hungerford in his testimony taken before the court acknowledged the signature on the separation agreement to be his.
The question arises whether this acknowledgment by James G. Hungerford before this court on August 17, 1961 complies with the provisions of section 18 of the Decedent Estate Law requiring a duly acknowledged waiver of the right of election. By reason thereof has he waived all his rights to take against decedent’s last will and testament? Section 18 of the Decedent Estate Law on August 4, 1959, read as follows: “ 9. The husband or wife, during the lifetime of the other, may waive or release the right of election to take as against a particular last will, or as against any last will of the other spouse. A waiver or release of all rights in the estate of the other spouse shall be deemed to be a waiver or release of the right of election as against any last will. A waiver or release to be effective under this subdivision shall be subscribed by the maker thereof and either acknowledged or proved in the manner required for the recording of a conveyance of real property. ’ ’ (Italics supplied.)
In the Matter of Sommers (200 Misc. 1013) the surviving husband filed a notice of election to take against the will of his deceased wife. The executor set up as a bar an instrument signed by the decedent and her husband which was neither acknowledged nor witnessed but which waived the right of election on the part of the husband. As part of the executor’s case, the husband was called as a witness, shown the instrument, and when asked whether he had signed it, he admitted that he did. In holding that the acknowledgment before the Surrogate on the part of the husband was sufficient to constitute a compliance with the statute requiring a waiver to be acknowledged, the court held at page 1015: ‘1 Subdivision 9 of section 18 of the Decedent Estate Law provides that the husband or wife during the lifetime of the other may release the right of election to take against the last will of the other spouse. Such release to be effective must be subscribed by the maker and either acknowledged or *1002 proved in the manner required for the recording of a conveyance of real property, but the time of making such acknowledgment or proof is not fixed in the statute. (Italics supplied.)
“ In Matter of Maul (176 Misc. 170, affd. 262 App. Div. 941, affd. 287 N. Y. 694) it was held that the acknowledgment of a subscribing witness to a waiver of the wife’s right of election, after the death of the husband was a sufficient compliance with the statute. In this case, the word, acknowledged is defined as follows (p. 172): ‘ Acknowledged means “ to own or admit the knowledge of; to recognize as a fact or truth.” (Webster’s New International Diet. [2d ed.]; Words and Phrases [Permanent ed.], vol. 1, p. 620.) In legal conception the term mentioned is defined as follows: “ The acknowledgment is an authentication or verification of the signature of the petitioner. * * * It establishes merely that the petition was ‘ duly signed ’. It proves the identity of the person whose name appears on the petition that such person signed the petition.” (Matter of Bristol v. Buck, 201 App. Div. 100.) ’ ”
In Rogers v. Pell (154 N. Y. 518, 529) the Court of Appeals ruled:
‘ ‘ An instrument is not ‘ duly acknowledged ’ unless there is not only the oral acknowledgment but the written certificate also, as required by the statutes regulating the subject.”
In the Sommers case (supra, p. 1016), the court stated:
“ It cannot be denied that the husband subscribed the instrument during the life time of his wife. Its terms are clear and explicit. It was subscribed by him for the particular purpose set out therein. The Surrogate has no hesitancy in finding that the husband’s intent was to be bound by its terms. He orally acknowledged the genuineness of his signature and the execution of the instrument before the Surrogate. In the absence of any provision in the statute as to the time of acknowledgment, may the Surrogate sit idly by and permit a fraud to be perpetrated on an estate by failure to cause a written certificate of acknowledgment to be attached to the instrument? The answer is obvious and the Surrogate’s duty is plain. He is commanded ‘ To administer justice in all matters relating to the affairs of decedents ’ (Surrogate’s Ct. Act, § 40) and not to defeat it.
‘ ‘ Within the definition of justice is the principle of rectitude and just dealing of men with each other. Honorable men do justice when they do that which is fair. It is the Surrogate’s obligation to compel the husband to do what is fair under the circumstances and thereby avert the commission of a fraud upon the decedent and her estate. The Surrogate has, therefore, *1003 caused a written certificate of acknowledgment to be attached to the waiver and determines that the husband has no right of election.” (Emphasis supplied.)
In the instant case the facts are identical with the factual situation in the Sommers case in that James C. Hungerford admitted before this court that he subscribed the instrument during the lifetime of his wife. The agreement is clear and by it he waived his right of election.
The fact that J ames C. Hungerford returned to the premises occupied by his wife when she was confined to bed in her last illness was not supported by any evidence to show that she had agreed to take him back thereby nullifying the separation agreement.
The court holds that the separation agreement is binding on James C. Hungerford and that his election to take against her will is denied.