(49 App. Div. 121.)

PEOPLE ex rel. SAYVILLE STEAMBOAT CO. v. KEMPNER.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

NOTARY PUBLIC—ACKNOWLEDGMENT—MANDAMUS.

Gen. Laws, c. 46, § 255, provided that a notary public taking an acknowledgment should certify that he knew the person whose acknowledgment was taken to be the person described in and who executed the instrument. *Held*, that, since a notary's duty regarding the contents of the certificate was purely ministerial, he might be compelled by mandamus to make a new proper certificate to an instrument to which he took the acknowledgment, where he neglected to conform to the statutory requirements.

Appeal from special term, New York county.

Mandamus, on the relation of the Sayville Steamboat Company, to compel Otto Kempner to make a new and proper certificate of acknowledgment to a mortgage given to a relator. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Eugene Fishel, for appellant.

Joseph Wood, for respondent.

RUMSEY, J. A moment's consideration of the well-settled principles which control the granting of a writ of mandamus would seem to have been sufficient to convince the appellant that there was no merit in his action. He was a notary public, who was called upon to take and did take an acknowledgment of a paper, which was to be recorded in the custom house. At the time he took that acknowledgment the statute prescribed that there should be indorsed upon the paper so acknowledged a certificate, signed by himself, stating all the matters required to be done, known, or proved on the taking of such acknowledgment or proof. Real Property Law (Gen. Laws, c. 46) § 255. Among the other things which were required to be known was the fact that the person making the acknowledgment was the person described in and who executed the instrument. Section 252. The certificate signed by the appellant here was defective in failing for some reason to comply with that requirement; and it was practically, therefore, no acknowledgment at all, as was held by the court in the trial of one of the actions brought on this instrument. The appellant concedes (by not denying it) that he knew the person whose acknowledgment was taken to be the person described in and who executed the instrument, and, if it had not been so stated in the affidavits, the presumption was that such was the fact, because he was forbidden by the statute to take an acknowledgment unless he knew or had proof that the person making it was the person described in and who executed it, and there was the further presumption that the public officer did his duty and obeyed the law. His duty as to making the certificate was purely ministerial, and had in it no element of discretion. There is no exception whatever to the rule that, where there is imposed upon a public officer a purely ministerial duty, not accompanied with any official discretion, the performance of that duty, when refused, will be compelled by mandamus. High, Extr. Rem. § 80 et seq. It is said by the appellant that an action in equity could not be maintained by the maker of this paper to compel the correction of the mistake in this certificate of acknowledgment, because it has been recorded. If that be true, it affords all the more reason why the relief by mandamus should be granted, for that relief is provided to be used in cases where no relief can be had by action.

The final order must be affirmed, with $50 costs and disbursements of this appeal. All concur.