In the Matter of the Estate of MAX ISRAEL, Deceased.

Surrogate's Court, Kings County, October 23, 1933.

*Harry Grayer*, for the executors.

*Cohen Bros.* [*Maxwell Cohen* of counsel], for the widow.

WINGATE, S. The statement in paragraph tenth of the will reading: " The reason I do not make further bequests for my wife and why I believe that she is not entitled to any further bequests is as follows: Prior to our marriage my wife and I entered into an agreement wherein and whereby it was agreed that in consideration of my waiving any right, title and interest to her separate property and estate during her lifetime or after her death she would and did waive, release and relinquish any and all claims and any right, title, interest or share in and to my property or estate during my lifetime or after my decease and said agreement has since been and is now in full force and effect "— is not binding upon the widow, and of itself is insufficient to bar her right of election. Section 18, subdivision 9, of the Decedent Estate Law provides that the waiver must be in writing, and, if it is established that such waiver is in writing and executed as required by subdivision 9, the agreement is effective as a bar. The fact that the agreement is not in writing may be proved by affidavits on notice, in which case the decree submitted will be signed.