In the Matter of the Estate of JOHN J. McGLONE, Deceased.

CHASE L. DAY, as Executor of HELENA D. McGLONE, Deceased, Appellant; IRVING TRUST COMPANY et al., as Executors of JOHN J. McGLONE, Deceased, et al., Respondents.

528

Argued November 15, 1940; decided December 31, 1940.

*Andrew F. Van Thun, Jr.,* and *George H. Burtis* for appellant.

*Philip Zierler* for Irving Trust Company et al., as executors, et al., respondents.

*Ralph L. Kaskell, Jr.*, special guardian for Edward McGlone et al., infants, respondents.

LEHMAN, Ch. J.   The widow of John J. McGlone, a resident of Kings county, who died in February, 1937, served notice upon the executors under his last will and testament that she elected to take her share of the decedent's estate " as in intestacy " pursuant to section 18 of the Decedent Estate Law (Cons. Laws, ch. 13; added L. 1929, ch. 229, as amd.).   The executors, claiming that the widow had waived and renounced all rights in her husband's estate, instituted proceedings pursuant to section 145-a of the Surrogate's Court Act for a determination of the validity and effect of the widow's attempted election.   The Surrogate sustained the widow's right to an election.   The Appellate Division reversed the decree of the Surrogate and remitted the matter to the Surrogate's Court for the entry of a decree determining that an instrument executed by the widow in February, 1922, constitutes " a complete bar to the right of the widow to elect to take against the will and codicil of the testator."   (258 App. Div. 596, 608.)

On February 4, 1922, the decedent, John J. McGlone, and Helena Day Snyder were married in England.   In contemplation of that marriage Helena Day Snyder, on February 2, 1922, signed the paper writing which, it has been held, bars her right to take a share in her husband's estate.   It reads as follows: " I, Helena Day Snyder, being of sound mind and in possession of all my faculties, on the eve of my marriage to John J. McGlone, in London, England, on February 4th, 1922, wish to record, of my free will, that, as I already possess, in my own right, ample of this world's goods in the way of a fortune of my own, as a compliment to my aforesaid husband, and for other good and sufficient reasons, I hereby, voluntarily and irrevocably, renounce all right, title and interest I might, legally or otherwise, have in any estate, real or personal, of which my said husband

to be, John J. McGlone, might die seized." She was at that time sixty-two years of age.

The decedent provided as follows for his wife in the third paragraph of his will, which he executed on August 21, 1930:

" *Third.* My dear wife, HELENA DAY MC GLONE, being in possession of ample funds of her own and having waived all claim of dower or participation in any part of my estate, I nevertheless desire that there shall be paid over to her out of my estate the sum of Two Thousand ($2,000.00) Dollars, or if she should prefer, then at her request instead of the payment of Two Thousand ($2,000.00) Dollars, my executors shall purchase for her and deliver to her any piece of jewelry which she may select costing up to Two Thousand ($2,000.00) Dollars, as a slight token of my love and affection for her and admiration of her noble and high traits of character."

At the time he executed the will, section 18 of the Decedent Estate Law was not yet in effect and a husband was free to bequeath all his property to strangers. His wife would, in such case, have no right to any share in his estate, though she would have a right of dower in his real property, except as she might have parted with, waived or lost such right of dower.

Thereafter, however, on July 6, 1934, the testator executed a codicil to the will of August 21, 1930. He did not therein make any additional provision for his wife or disturb the provision previously made; but since the term " will " as defined in the statute includes all codicils as well as wills (Decedent Estate Law, § 2), his wife, by force of the statute, became entitled upon the execution of the codicil to a right of election to reject the provision made for her in the will and to take her share of the estate " as in intestacy." Then, for the first time, the question became important whether the renunciation by the wife in 1922 of " all right, title and interest * * * in any estate, real or personal " of which her " husband to be, John J. McGlone, might die seized " has the effect of barring her from asserting her statutory right of election created by a later statute.

The same section of the statute which creates, for the benefit of the surviving spouse of a decedent, a right not previously enjoyed, also provides the manner in which that right may be waived. "The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument *subscribed and duly acknowledged,* or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage. An agreement *so executed* made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section." (Decedent Estate Law, § 18, subd. 9.) The statute was intended, it is plain, to deny effect to a waiver not executed in accordance with the statute.

The statute requires that the agreement or instrument of waiver shall be "duly acknowledged" as well as subscribed and the instrument of waiver upon which the executors and legatees rely to defeat the right of election claimed by the widow was subscribed but not acknowledged by her. For that reason, as well as on other grounds, the Surrogate found that the instrument was without effect. The reversal by the Appellate Division is based upon its conclusion that in so far as the statute denies effect to an unacknowledged agreement of waiver or renunciation, previously executed which, even without acknowledgment, was valid at the time it was executed, the statute violates the testator's constitutional rights guaranteed by article I, section 10, of the Constitution of the United States and by article I, section 6, of the Constitution of this State, and is, therefore, void. The Appellate Division rejected, for reasons stated in the opinion, the other grounds upon which the Surrogate based his conclusion that the waiver was ineffective.

We have examined these other grounds and without now deciding whether all of them are without substance we assume that the Appellate Division did not err in rejecting

them; but we are constrained to disagree with the conclusion of the Appellate Division that the testator acquired by the instrument, executed in 1922 in contemplation of marriage, contractual rights, protected by the Constitution of the United States, which have been invaded by the new statute. We may assume, without now deciding or even considering such questions further, that the instrument of waiver, though unilateral in form, evidences " a contract made between persons in contemplation of marriage " within the meaning of section 53 of the Domestic Relations Law (Cons. Laws, ch. 14); that it is executed in manner which satisfies the requirements of section 31 of the Personal Property Law (Cons. Laws, ch. 41); and that any contractual rights created by that instrument are within the protection of the constitutional guaranty that the State may not impair the obligations of contracts or take property without due process of law.   That brings us to the question: what are those contractual or property rights which it is said are destroyed by the new statute?

Whatever be the extent of those contractual rights they did not include the right of the husband to bequeath his estate to such persons in such amounts as he chose and thus to exclude his wife from any share of his estate.   That right was created by the laws of the State of New York, not by contract.   The wife did not, of course, waive her right to take any part of the estate of her " husband to be " which he chose to bequeath to her, nor may the instrument be given effect as a waiver of a right of a wife to succeed to the property of her husband, which the Legislature might there-after create.   Since rights of descent and distribution of a decedent's estate are created by the law of the State, the State may change or take away such rights though it may not take away property which has vested by virtue of such rights.   (*Matter of Sherman,* 153 N. Y. 1; *Norris* v. *Beyea,* 13 N. Y. 273.)   A wife cannot by agreement make the husband's right created by law immune from the right of the State to change the law which created the right nor waive in advance a right created for her benefit if the law does not permit such a waiver.

The widow makes here no claim for dower. She asserts no right which, at the time she executed the waiver of her rights in her husband's property, she might have asserted but for the waiver. The Legislature has determined to restrict the husband's rights, previously unrestricted, to provide by will how his property should pass at his death. Even then the Legislature did not decree that a will previously executed should not take effect at the testator's death in accordance with its terms. It decreed only that if a testator chose to execute a new will section 18 of the Decedent Estate Law would apply and that the testator's spouse would then have rights in the decedent's estate which the spouse would otherwise not possess. The Legislature did not by such statute destroy any rights *which the decedent in this case acquired by the waiver* — even though we give to such waiver the broadest possible construction and effect. The Legislature, with undoubted power to create for the benefit of the spouse of a testator a new right of succession to property and a new limitation upon the power of a testator to determine the succession or distribution by will, had also undoubted power to protect the newly-created right by a statutory provision that a spouse might not waive the benefit of the right created for his or her benefit except by an instrument executed with the formalities set forth in the statute. Quite probably the testator would not have executed a codicil to the will if he had known that his widow might, on that account, claim an interest in his estate which she would not otherwise have. That does not, however, give rise to an estoppel or other equitable ground for denying to the wife her statutory right.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division to all parties filing briefs payable out of the estate.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.