In the Matter of Determining the Validity of the Right of Election in the Estate of CATHLEEN G. HEARN, Deceased. ·WILLIAM G. HEARN, Appellant; JOSEPH P. KISSLING, Executor, etc., of CATHLEEN G. HEARN, Deceased, Respondent.— Decree of the Surrogate's Court, Queens County, entered after trial by the court

without a jury, adjudging that the notice of election filed by the appellant, surviving husband, under section 18, Decedent Estate Law, is invalid, and that the appellant is not entitled to share in the decedent's estate, reversed on the law and the facts, with costs to all parties filing briefs, payable out of the estate, and the matter remitted to the Surrogate's Court for entry of a decree accordingly. Abandonment was not an issue in the case, and, in any event, was not established by the evidence. (*Thompson* v. *Thompson*, 163 Misc. 946; affd., 254 App. Div. 601.) The only issue was whether the execution of the separation agreement of February 10, 1938, operates to deprive the surviving spouse of the right of election under section 18, Decedent Estate Law. The instrument has no such effect, as it was not acknowledged in accordance with subdivision 9 of the statute. (*Matter of McGlone*, 284 N. Y. 527, decided December 31, 1940; *Matter of Israel*, 149 Misc. 620.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.