## In the Matter of the Estate of PETER MAUL, Deceased.*

Surrogate's Court, Erie County, April 11, 1941.

*James I. Cuff* [*Howard H. Starrett* of counsel], for the petitioner.

*Paul A. Beelke* [*Harry D. Sanders* of counsel], for the executor.

*Elijah W. Holt*, special guardian.

VANDERMEULEN, S. The decedent, who was unmarried at the time, executed a will on January 25, 1935, by which, except for two legacies to church and charitable uses, he gave his estate to his two brothers and named them executors therein.

On August 19, 1939, the decedent married the petitioner, Lynda M. Maul. Following the marriage ceremony and on the same day he executed a codicil to his will, both of which have been duly admitted to probate. By the codicil he bequeathed to the peti-

* Affd., 262 App. Div. 941.

tioner $2,500 in money, the use of his home and its furnishings while she remained unmarried and the income for life from a trust fund of $25,000 until she remarried. Concurrently with the execution of the codicil, the petitioner executed an instrument in accordance with subdivision 9 of section 18 of the Decedent Estate Law, by which she waived the right of election to take the share of decedent's estate secured her by the preceding subdivisions of that section.

There was no certificate of acknowledgment attached to the instrument, but it was witnessed by William A. Drews and A. W. Dietrich and they affixed their signatures after the signature of the petitioner.

Pursuant to section 305 of article 9 of the Real Property Law, a subpœna was served on William A. Drews. He appeared in the Surrogate's Court, was examined, testified that the waiver of election was signed by the petitioner in his presence and answered the questions in compliance with section 304 of the Real Property Law. To comply with section 306 there was attached to the instrument the necessary certificate of the surrogate before whom the witness was examined.

Counsel for the petitioner questioned the right of the surrogate to issue the subpœna on the ground that section 305 has no application inasmuch as it applies solely to the examination of a witness to a conveyance. But whether the instrument in question is a conveyance or not, this court had the right to send out a subpœna in this proceeding. It is the duty of any court to aid in disclosing the facts, not in suppressing them.

The widow seeks by this proceeding to secure a determination that she is entitled under the provisions of section 18 of the Decedent Estate Law to elect to take her share of the estate of Peter Maul as in intestacy. Her contention is that the said instrument was not acknowledged as required by the statute and consequently is ineffective to bar her right of election.

The petitioner stresses *Matter of McGlone* (284 N. Y. 527), decided by the Court of Appeals on December 31, 1940. The distinction between that case and the instant one lies in the fact that there were two witnesses to the instrument executed by the petitioner, whereas the instrument in the *McGlone* case bore neither an acknowledgment nor the signature of a witness.

Subdivision 9 of section 18 of the Decedent Estate Law provides: " The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testa-

ment of the other whatsoever in an agreement so executed, made before or after marriage. An agreement so executed made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section."

Section 291 of the Real Property Law provides: " A conveyance of real property, within the State, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated."

Section 292 of the Real Property Law provides: " Except as otherwise provided by this article, such acknowledgment can be made only by the person who executed the conveyance, and such proof can be made only by some other person, who was a witness of its execution, and at the same time subscribed his name to the conveyance as a witness."

Section 304 of the Real Property Law provides: " When the execution of a conveyance is proved by a subscribing witness, such witness must state his own place of residence, and that he knew the person described in and who executed the conveyance. The proof must not be taken unless the officer is personally acquainted with such witness, or has satisfactory evidence that he is the same person, who was a subscribing witness to the conveyance."

Was this instrument duly acknowledged so as to make it sufficiently effective to accomplish the apparent intent? The section does not specify the manner of acknowledgment. It does not state the acknowledgment must be made at the time of execution, before a specified person or officer, nor that it must be made by the person executing the instrument. Acknowledge means " to own or admit the knowledge of; to recognize as a fact or truth." (Webster's New International Dict. [2d ed.]; Words and Phrases [Permanent ed.], vol. 1, p. 620.)

In legal conception the term mentioned is defined as follows: " The acknowledgment is an authentication or verification of the signature of the petitioner. * * * It establishes merely that the petition was ' duly signed.' It proves the identity of the person whose name appears on the petition that such person signed the petition." (*Matter of Bristol* v. *Buck*, 201 App. Div. 100.)

Sections 10 and 11 of the General Construction Law provide: " 10. The terms acknowledge and acknowledgment, when used with reference to the execution of an instrument or writing other than a deed of real property, include a compliance with the provisions of the next section by either such proof or acknowledgment.

" 11. When the execution of an instrument or writing is authorized or required by law to be acknowledged, or to be proven so as to entitle it to be filed or recorded in a public office, the acknowledgment may be taken or the proof made before any officer * * * authorized to take the acknowledgment or proof of the execution of a deed of real property to entitle it to be recorded in a county clerk's office, and shall be made and certified in the same manner as such acknowledgment or proof of such deed."

The court is of the opinion that the section applies to instruments of the nature now before it as well as many others. Certainly to be of any effect it must be filed or recorded in the surrogate's office and to entitle it to be so filed or recorded the execution must be acknowledged, or the proof made, and the certification must be in the same manner as the acknowledgment or proof of a deed. Section 11 does not state that the instrument must be a conveyance.

The petitioner contends that the instrument in question is not a conveyance and, therefore, the sections of the Real Property Law relative to the acknowledgment of conveyances do not apply. This court does not agree with this contention. Subdivision 3 of section 290 of the Real Property Law states:

" 3. The term ' conveyance ' includes every written instrument, by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected."

A spouse by virtue of the right of election has an interest in the personal and real property of the deceased that can be defeated during his or her lifetime under circumstances set forth in subdivisions 3, 4 and 5 of section 18 of the Decedent Estate Law.

When a spouse signs and duly acknowledges a waiver of right of election, he or she releases an interest in real property vested by virtue of the marital relation and the statute applicable. In other words, the spouse divests himself or herself of an interest in real property with the same force and effect as the giving of a quitclaim deed in a situation where such an instrument is necessary to convey.

A release of a mortgage, a satisfaction and assignment of a mortgage, an easement, have been held to be within section 291 of the Real Property Law. (*Gatley* v. *Gatley,* 103 Misc. 16; *Bacon* v. *Van Schoonhoven,* 87 N. Y. 446; *Ward* v. *Metropolitan Elevated Railway Company,* 152 id. 39.) A conveyance of an equitable interest in land has been held to be within this section. (*Tarbell* v. *West,* 86 N. Y. 280.)

Before the amendment to the Decedent Estate Law became effective September 1, 1930, the inchoate right of dower in all the real property of the husband was the recognized right of the wife,

and in order to convey good title the wife had to join in the conveyance of the husband; otherwise she still retained an interest in the property. Not only was it necessary that she sign the deed but for the purpose of recording it was obligatory that she acknowledge her signature or that the witness to her signature, whose name was written in the instrument, acknowledge.

The words of the Commission to Investigate Defects in the Law of Estates in its original report, pages 83 to 87, are highly significant, particularly the following (p. 87): " In line with the progressive policy of modern legislation, and *in place of dower*, the Commission recommends that there be substituted the right of a widow to take her intestate share against the provisions of the will." Equally significant is the Commission's note under section 18 of the Decedent Estate Law, " The section as proposed gives an increased right to the surviving wife or husband in lieu of the existing rights of dower and curtesy."

It has been and still is the law that conveyances may be legally executed if properly attested by subscribing witnesses and that when proven and certified as to execution in the manner provided in the Recording Acts are entitled to record. This applied to and still applies to instruments releasing dower and it should apply and this court holds it does apply to waivers of the right of election.

In case of *Davin* v. *Isman* (228 N. Y. 1) the paper involved was an assignment of a mortgage, executed by the mortgagee before a subscribing witness, but not bearing a notarial certificate. The subscribing witness later, after the death of the mortgagee, made proof of the execution of the assignment before an officer authorized to take proof, and the officer attached his certificate required by the provisions of the Recording Acts. The Court of Appeals, reversing the holding of the lower courts, held the assignment to have been properly executed and proven. The Court of Appeals in its opinion stated its holding in the following language: " The mortgagee  *  *  *  had prepared and signed the instrument. No alteration was made in that instrument as prepared by him. His signature thereto completed the assignment in so far as the validity of the same was involved. No question is made that the signature of the subscribing witness appearing on the instrument was other than genuine. Upon an acknowledgment by a subscribing witness the instrument was complete so as to enable the holder of the same to have it recorded (Real Property Law, § 304). A second subscribing witness was unnecessary."

It is, therefore, determined that Lynda M. Maul has no right of election to take the share of a surviving spouse in the estate of the deceased and the petition is hereby dismissed.

Let a decree enter accordingly.