In the Matter of the Accounting of Rocco Colaci, as Executor of James Colaci, Deceased, Respondent.

Anthony Falese, as Administrator of the Estate of Maria Colaci, Deceased, Appellant; Gaetano Vecchiotti, Consul General, for Francesco Colaci and Vincenzo Colaci, Respondent.

Argued April 14, 1942; decided June 4, 1942.

*Hugh G. Bergen* and *Stanley F. Maslak* for appellant. No waiver of the widow's right of election has been proven. (*Matter of McGlone*, 284 N. Y. 527.) The widow's intestate share, acquired by her notice of election, must be computed upon the basis of the entire net estate of the decedent. (*Elenkrieg* v. *Siebrecht*, 238 N. Y. 254; *Brock* v. *Poor*, 216 N. Y. 387; *Werner* v. *Hearst*, 177 N. Y. 63; *Matter of Brown*, 130 Misc. Rep. 865.)

*Jacob Nudell* for Rocco Colaci, as executor, respondent. The deeds of division were valid and binding contracts creating vested property rights and the widow is barred from any right of election in the real estate the subject matter of the deeds of division or in the stock of the holding corporation which was owned by the

husband.  (*Matter of McGlone*, 258 App. Div. 596; 284 N. Y. 527; *Matter of Sherman*, 153 N. Y. 1.)  The widow by her agreement and conduct has waived and is estopped from the right of election in property contained in the deeds of division.  (*People ex rel. McLaughlin* v. *Police Commissioners*, 174 N. Y. 450; *Matter of Petition of New York, L. & W. R. R. Co.*, 98 N. Y. 447; *Ansorge* v. *Belfer*, 248 N. Y. 145; *Met. Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.)

*Frank Rashap* for Gaetano Vecchiotti, Consul General, respondent.

FINCH, J.  Was there a waiver by the widow of the right of election given by section 18 of the Decedent Estate Law (Cons. Laws, ch. 13) by reason of an agreement to waive dower executed before the enactment of this section?

On November 5, 1928, the testator and appellant's intestate, hereinafter designated as appellant, being husband and wife, owned eleven parcels of real property as tenants by the entirety.  On that day they conveyed these eleven parcels to themselves as tenants in common, the deed containing the following provision:

" IT IS EXPRESSLY UNDERSTOOD AND AGREED that the ownership of the parties of the second part in the several parcels of land hereinabove described, shall from and after the date of this deed of division, be free and clear of any and all claims of either party to a right of curtesy or dower in the share of the other.  It being the intention of each to hold his or her share free of any such claims, all of which are hereby extinguished."

This direct conveyance was valid without the intervention of a third person (Dom. Rel. Law, § 56; Cons. Laws, ch. 14).  Subsequently and on December 19, 1929, six of these eleven parcels, together with another plot held by the testator in his own name, were conveyed by the testator and the appellant to the Colaci Holding Corporation.  Simultaneously with the execution and delivery of this deed, another deed was made and executed by the testator and appellant to the latter, conveying the remaining five of the said eleven parcels.  In the deed to the Colaci Holding Corporation appears the following provision:

" IT IS UNDERSTOOD that this conveyance, and the conveyance by the parties of the first part hereto to Maria Colaci, delivered simultaneously herewith, are to substitute a former division of the premises. The above described seven parcels of land being a part of the premises described in a former deed of division between the parties of the first part hereto, and this conveyance and the conveyance to the wife are now made for the purpose of changing the division."

In the deed to appellant are these provisions:

" IT IS UNDERSTOOD that this conveyance is made for the purpose of dividing the realty belonging to the parties of the first part and with the full intent that the same shall extinguish all curtesy or right of curtesy which the husband may have in the premises herein described conveyed to the wife, and that all right of curtesy of the husband in the premises above described is hereby and shall be forever after absolutely barred.

" IT IS UNDERSTOOD that this conveyance, and the conveyance to the Colaci Holding Corporation delivered simultaneously herewith, are to substitute a former division of the premises. The above five parcels of land being a part of the premises described in a former deed of division between the parties hereto, and this conveyance and the conveyance to the Colaci Holding Corporation are now made for the purpose of changing the division."

Decedent died March 21, 1937, leaving a last will and testament dated December 22, 1936, and a codicil thereto dated March 9, 1937, which were duly admitted to probate. On June 15, 1937, appellant served a notice of election to take her intestate share of the estate of testator pursuant to section 18 of the Decedent Estate Law. The will of testator made no provision for appellant except to give her the income during life from a trust which he directed his executors to set up in certain of the real property which had previously been conveyed to the Colaci Holding Corporation. The testator at the time of his death owned all the issued and outstanding stock of the Colaci Holding Corporation.

The Surrogate held valid a general right of election exercised by appellant in the entire estate as in intestacy. Upon appeal the Appellate Division modified by holding that appellant was entitled only to a limited right of election since her agreements

in the deeds above set forth extinguished effectively her rights in the real estate owned by her and testator as tenants in common and transferred to the Colaci Holding Corporation. Therefore, appellant was held entitled to elect to share in the value of the stock of the Colaci Holding Corporation only after deducting the value of these six parcels.

Since there existed a valid will, appellant as surviving spouse was entitled to a right of election to take against the will under section 18 of the Decedent Estate Law. That section only applies where there is a will. It being conceded that appellant duly exercised her right of election, such right attaches to the entire net estate of the testator, as set forth in this section, unless appellant has waived her right to make such election. Subdivision 9 of section 18 provides: "An agreement so executed [by an instrument subscribed and duly acknowledged] made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section." It is clear that the instrument containing such waiver must be executed in all respects in accordance with the provisions of this statute. The burden, moreover, of establishing such waiver is upon respondents. While the only evidence in the record supporting respondents' contention is the deed dated November 5, 1928, containing the alleged waiver set forth first above, the Appellate Division considered also the provisions in the other deeds quoted above which are exhibits for identification. We will likewise approach the question from the same viewpoint.

These provisions, whereby the wife released to her husband her inchoate right of dower and he released to her his right of curtesy, cannot be said to intend to accomplish more than the release of these named rights. Such provisions may not be construed as a waiver or release, pursuant to subdivision 9, of " all rights in the estate of the other spouse." And of course, there is no phraseology in these releases which can be construed as a waiver of the right either " to take against a particular last will and testament " or " to take against any last will and testament," as provided in said subdivision. The release goes no further than to bar the right of dower of the wife in the property therein described, and the husband's tenancy by curtesy. It is true that agreements

contained in these deeds respectively relinquishing dower and curtesy are valid and binding contracts, but they are confined by their terms to those two subjects and, therefore, are valid and binding contracts merely in relation to dower and curtesy and nothing more. Appellant is now asserting no claim to dower which is to be distinguished from the new and essentially different right given to the surviving spouse by section 18 of the Decedent Estate Law. We have recently held that this right of election may only be waived by strict conformity with the provisions of subdivision 9. (*Matter of McGlone*, 284 N. Y. 527.) It would be out of line with that precedent now to hold that an instrument, in terms confined to a waiver of dower, may be spelled out into a renunciation of the essentially different right conferred by section 18.

It follows that the order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division to the appellant payable out of the estate.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.