ISIDORE JOSOWITZ, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for personal injuries. The plaintiff was a passenger in the defendant's trolley car, and sustained an injury to his elbow when it was struck by a truck passing the trolley car in the opposite direction. The negligence charged is that the motorman applied his brakes so suddenly, to avoid contact with the truck, that it caused the plaintiff's arm to be projected through an open window of the trolley car and into contact with the truck. Judgment entered on the verdict of a jury in favor of plaintiff reversed on the facts and a new trial granted, costs to abide the event. The verdict is against the overwhelming weight of the credible evidence. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

JOSEPH P. KISSLING, Executor, etc., of CATHLEEN G. HEARN, Deceased, Respondent, v. WILLIAM G. HEARN, Appellant.— Action for judgment directing defendant to perform specifically a separation agreement by executing and delivering a valid waiver of the right of election to take against the probated will of plaintiff's testatrix. Order denying motion of defendant to dismiss the complaint under rule 113 of the Rules of Civil Practice reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs. Appeal from order denying defendant's motion for judgment on the pleadings dismissing the complaint dismissed, without costs, in the light of the foregoing determination. The defense of res judicata is established. On the prior appeal it was determined not only that the waiver provision was ineffective because it was unacknowledged, but that the separation agreement, as an instrument, did not operate to deprive defendant of the right of election. (Matter of Hearn, 261 App. Div. 924, 925; affd., without opinion, 287 N. Y. 775. See, also, Matter of Colaci, 288 id. 158.) In the absence of an acknowledgment, the plaintiff cannot invoke an agreement to execute a waiver, which would accomplish by indirection a dispensation of the requirement of subdivision 9 of section 18 of the Decedent Estate Law. (Dung v. Parker, 52 N. Y. 494; Belmar Contracting Co. v. State of New York, 233 id. 189, 194.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

WILLIAM KROWN and DIMER REALTY CORP., Appellants, v. MARRAM HOME SERVICING CORP. and Others, Defendants; SUBURBAN BUILDERS, INC., JOHN PICONE and HENRY W. BURT, INC., Respondents. JOHN PICONE, Respondent, v. MARRAM HOME SERVICING CORP. and Others, Defendants; WILLIAM KROWN and DIMER REALTY CORP., Appellants; SUBURBAN BUILDERS, INC., and HENRY W. BURT, INC., Respondents. JOHN PICONE, Respondent, v. MARRAM HOME SERVICING CORP. and Others, Defendants; WILLIAM KROWN and DIMER REALTY CORP., Appellants; SUBURBAN BUILDERS, INC., and HENRY W. BURT, INC., Respondents.— Consolidated actions by appellants to foreclose a purchase-money mortgage, and by certain respondents to foreclose mechanics' liens. Judgment of the County Court, Nassau County, reversed on the law and the facts and a new trial ordered, costs to abide the event. The judgment is without a decision. The detail proof is unsatisfactory. In view of the above determination the appeal from order is dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.