Margaret Wesley, Respondent, v. Pearl Faley, Appellant.— Amended judgment affirmed, with costs. All concur. (Appeal from an amended judgment vacating a tax deed to defendant and permitting plaintiff to pay the taxes on the property in question for the year 1945.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

In the Matter of the Estate of George C. Deffner, Deceased. Ella M. Deffner, Appellant; Nelson G. Deffner, as Administrator C.T.A. of George C. Deffner, Deceased, Respondent.— Decree reversed on the law and facts, with costs, and matter remitted to the Surrogate's Court to enter a decree in accordance with the memorandum. Memorandum: We cannot agree that the waiver executed by petitioner on June 4, 1932, and attached to the will of the testator executed on that date is effective as to the later will executed on June 17, 1944, even though the later will made a similar disposition of his property. The statute (Decedent Estate Law, § 18, former subd. 9) in effect at the time the waiver was executed provided: " The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage." The change in the language of the statute in 1947 was made for the purpose of clarification only (1947 Report of N. Y. Law Revision Commission, p. 26). The waiver in question was effective only as to the will of June 4, 1932. When the testator executed the 1944 will he revoked his prior will and the waiver became ineffective as to petitioner's right of election to the later will. The instrument in explicit language waived petitioner's " right of election to take against said Last Will and Testament " (the 1932 will) and the words " and consent to the disposition therein made " did not change its intent or effect so as to constitute a waiver of any other will. Our courts have repeatedly held that a widow's right of election may be waived only by strict conformity with the statute. (*Matter of Colaci*, 288 N. Y. 158; *Matter of McGlone*, 284 N. Y. 527; *Matter of Van Hoecke*, 197 Misc. 339, affd. 277 App. Div. 832.) All concur. (Appeal from a decree striking out a notice of election filed by the widow of decedent, and dismissing her petition to set off her exemptions.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ. [202 Misc. 1.]