In the Matter of the Estate of WILLIAM N. HOWLAND, Deceased. CAROLINE E. HOWLAND, Appellant; CENTRAL TRUST COMPANY, as Administrator with the Will Annexed of WILLIAM N. HOWLAND, Deceased, et al., Respondents.

Fourth Department, July 8, 1954.

*Daniel F. Fitzgerald, Jr.,* and *Daniel F. Fitzgerald* for appellant.

*Donald J. Corbett* for Central Trust Company, as administrator with the will annexed, respondent.

*George J. Nier, Jr.,* special guardian for Clarence W. Swan, an incompetent, respondent.

McCurn, P. J.   The petitioner instituted a proceeding pursuant to section 145-a of the Surrogate's Court Act praying for a decree determining that she is entitled under the provisions of section 18 of the Decedent Estate Law to take her intestate share in the estate of her deceased husband.   The Surrogate found that she had waived her right of election pursuant to subdivision 9 of section 18 of the Decedent Estate Law.   The appeal is from that part of the decree which denies to the petitioner her right of election.

The petitioner and the testator were married in 1903; they separated in 1932, at which time they entered into a separation agreement in writing by the terms of which they agreed to live separate and apart and each waived his or her interest in the other's estate.   The separation agreement was signed by both the petitioner and the testator but no acknowledgment by either was made or attached to such agreement.   The husband thereafter obtained a Nevada divorce.   The Surrogate held that the Nevada divorce was void and that the petitioner continued to be the lawful wife of the decedent until his death.   There is no appeal by either party from that part of the decree.

On the trial before the Surrogate the petitioner was called to the witness stand by the attorney representing the administrator with the will annexed of the testator.   She was confronted with the separation agreement and was asked whether or not the signature appearing thereon was her signature.   The Surrogate overruled objections by petitioner's counsel to the question and she answered, " Yes, but I refuse  *  *  *  to acknowledge it."   The sum total of her testimony is to the effect that the signature appearing on the separation agreement is her signature but that she did not acknowledge it at the time it was written and refuses to acknowledge it now.

Counsel for the estate thereupon contended before the Surrogate that since the petitioner had admitted in open court the identity of her signature on the separation agreement that the Surrogate should take her acknowledgment and attach his certificate of acknowledgment to the instrument in question.   The Surrogate concluded: " A written certificate of acknowledgment, dated the day the widow testified before the Surrogate herein, shall, therefore, be attached to the separation agreement, and the Surrogate will take the widow's acknowledgment of the agreement as of that date, and thereupon a decree may be submitted denying the widow's right of election."

Subdivision 9 of section 18 of the Decedent Estate Law as it existed at the time the agreement was made reads as follows:

'' The husband or wife *during the lifetime of the other* may waive the right of election to take against a particular last will and testament by an instrument *subscribed and duly acknowledged,* or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement *so executed,* made before or after marriage. An agreement *so executed* made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section.'' (Emphasis supplied.) (L. 1930, ch. 174.)

A waiver of the right of election is void and of no effect where the instrument although subscribed was not duly acknowledged (*Matter of McGlone,* 284 N. Y. 527; *Matter of Colaci,* 288 N. Y. 158). A separation agreement containing a waiver of the right of election is effective to bar the right of election where the separation agreement is subscribed and duly acknowledged by the parties (*Matter of Sturmer,* 303 N. Y. 98). However, where such a separation agreement is not acknowledged it is of no effect so far as a waiver of the right of election is concerned (*Matter of Hearn,* 261 App. Div. 924, affd. 287 N. Y. 775; see, also, *Kissling* v. *Hearn,* 264 App. Div. 900, affd. *sub nom. Matter of Hearn,* 290 N. Y. 563).

In *Kissling* v. *Hearn* (264 App. Div. 900, affd. *sub nom. Matter of Hearn,* 290 N. Y. 563, *supra*) where upon a previous appeal it had been held that the waiver provision in a separation agreement was void because the separation agreement was unacknowledged, an action was brought to compel specific performance of the separation agreement by executing and delivering a valid waiver of right of election. The court held there that '' In the absence of an acknowledgment, the plaintiff cannot invoke an agreement to execute a waiver, which would accomplish by indirection a dispensation of the requirement of subdivision 9' of section 18 of the Decedent Estate Law ''.

It is clear that the acknowledgment requisite to a due execution of a waiver as provided for in subdivision 9 of section 18 of the Decedent Estate Law involves something more than the identification of the signature. The statute requires that the instrument not only be subscribed but duly acknowledged. The statute contemplates that both acts be performed within the lifetime of the other spouse. As in all contracts intent to effect the waiver is an element. Here, the instrument was not acknowledged during the lifetime of the husband and the widow refused to acknowledge it thereafter. The certificate of acknowledgment .

affixed to the instrument by the Surrogate, after the hearing, was based upon nothing more than the identification of the widow's signature at a time when she expressly refused to acknowledge or to give effect to the instrument.

There being no waiver in effect at the time of the death of her husband, she possessed the absolute right to elect to take her intestate share in her husband's estate. The question of whether she should waive that right was a matter for her alone to determine. She could, of course, waive it by failing to file a written notice of election within the statutory period or by executing and filing a written waiver. She did neither, but, on the contrary, proceeded to claim her intestate share by executing and filing a notice of election.

The taking of an acknowledgment is an administrative rather than a judicial act (*Lynch* v. *Livingston,* 6 N. Y. 422; *Albany Co. Sav. Bank* v. *McCarty,* 149 N. Y. 71, 82; *People ex rel. Sayville Co.* v. *Kempner,* 49 App. Div. 121). We think that the Surrogate was without power to affix a certificate of acknowledgment to the instrument contrary to the wishes and intent of the widow, and thus to give life to an otherwise void instrument divesting her of her intestate share in her husband's estate. The widow possesses a valid right of election which cannot be extinguished by the Surrogate's act in affixing a certificate of acknowledgment to the unacknowledged separation agreement executed by her back in 1932.

That part of the decree appealed from should, therefore, be reversed and a decree should be entered allowing the petitioner to elect to take her intestate share in the estate of the decedent.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and VAN DUSER, JJ.

Decree insofar as appealed from reversed on the law, with costs to the appellant payable out of the estate, and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion.