Maximilian Moss, S.
The widow of testator seeks a determination that -she is entitled under the provisions of section 18 of the Decedent Estate Law to take her intestate share in the estate. She and the testator entered into a separation agreement dated November 3, 1950, but no acknowledgment by either party was made or attached to the said agreement and there were no attesting witnesses. The agreement contained reciprocal waivers of right of election of each in the estate of the other and the widow received the consideration provided for therein.
By the provisions of subdivision 9 of section 18 of the Decedent Estate Law a waiver of election in order to be effective must be acknowledged and such an acknowledgment is a substantial requirement which is not satisfied by mere proof of a genuine and knowing signature. A waiver of the right of election is void and of no effect where the instrument although subscribed is not duly acknowledged. The statute contemplates that such acknowledgment he performed during the lifetime of the other spouse (Matter of Howland, 284 App. Div. 306, *117 308; Matter of McGlone, 284 N. Y. 527, aSd. sub nom. Irving Trust Co. v. Bay, 314 U. S. 556; Matter of Colaci, 288 N. Y. 158). The court holds that the widow had an absolute right to elect to take against the will and that her filed election was valid.
Settle decree on notice.