Joseph A. Cox, S.
In this proceeding the petitioner, who is the widow of the testator, requests a construction of the will. The issue is whether or not the petitioner has a right of election against the will pursuant to section 18 of the Decedent Estate Law. One of the executors has answered alleging an oral agreement by the petitioner to accept the provisions of the will. The answer requests that the petition for construction be dismissed or, in the alternative, that the petitioner be requested to refund any consideration received by her under the oral agreement.
The second article of the will bequeaths to the petitioner a life insurance policy upon the testator’s life in which, according to the will, the testator’s former wife, then deceased, was named beneficiary. The will states that it was the testator’s-purpose to have the proceeds of such insurance considered as a testamentary bequest to the petitioner even in the event she should become the beneficiary of the policy during the testator’s lifetime. The third article of the will bequeaths the sum of $10,000 to the petitioner.
The answer alleges that children of the testator were the named beneficiaries of the insurance policy and, during the testator’s lifetime, the petitioner was made the beneficiary of this policy upon her oral agreement to accept the. insurance proceeds and the $10,000 legacy in lieu of her intestate share under section 18 of the Decedent Estate Law, and that such agreement constituted a relinquishment and waiver of the petitioner’s elective right.
The alleged oral agreement, if made, would not be an effective waiver of the elective right inasmuch as section 18 of the Decedent Estate Law does not permit such an oral waiver (Matter of Rosenfield, 76 N. Y. S. 2d 177; Matter of Moore, *823 165 Misc. 683, affd. 254 App. Div. 856, affd. 280 N. Y. 733; Matter of McGlone, 284 N. Y. 527, affd. sub nom. Irving Trust Co. v. Day, 314 U. S. 556; Matter of Colaci, 288 N. Y. 158). The proceeds of the insurance did not pass under the will because the widow received the right to such proceeds in the testator’s lifetime, irrespective of any testamentary change of beneficiary and irrespective of the validity or lack of validity of such an attempted change (cf. Ralph v. Equitable Life Assur. Soc. of the United States, 46 N. Y. S. 2d 957). The insurance moneys are not to be taken into consideration in the computation of the benefits received by the surviving spouse under the will inasmuch as any attempt to reduce the elective share of a surviving spouse by transfers or agreements made for the benefit of the surviving spouse in the testator’s lifetime is ineffectual (Matter of Rosenfield, supra; Matter of Perlmutter, 199 Misc. 330; Matter of Weil, 73 N. Y. S. 2d 370; Matter of Taliento, 9 Misc 2d 167).
In the event the $10,000 legacy shall not prove to be the equivalent of the petitioner’s share as in intestacy, as defined in section 18 of the Decedent Estate Law, she will have a limited right to elect against the provisions of the will.
There is not properly before this court any issue as to the recovery of the insurance proceeds from the petitioner. This appears to be a controversy between the petitioner and the children of the testator who were the persons named as the beneficiaries of the policy prior to the designation of the petitioner. Submit decree on notice.