In the Matter of the Estate of LA VERTE T. WARREN, Deceased. JOSEPH H. WARREN, as Temporary Administrator and Executor, Appellant; ALICE J. WARREN et al., Respondents.

Second Department, June 18, 1962.

*Charles J. Hyman* for appellant.

*Samuel Wagner* for Alice J. Warren, respondent.

CHRIST, J.   We are here concerned with the provisions of subdivision 9 of section 18 of the Decedent Estate Law.   This section affords to a surviving spouse a right to elect to take his or her share of the estate of the deceased spouse as in intestacy, against the deceased's will, subject to certain limitations, conditions and exceptions set forth in the section.

Said subdivision 9 provides that the surviving spouse, '' during the lifetime of the other, may waive or release the right of election,'' but that a '' waiver or release to be effective under this subdivision shall be subscribed by the maker thereof and either acknowledged or proved in the manner required for the recording of a conveyance of real property.''

During the lifetime of the testator, and on November 3, 1950, the testator and his wife entered into a separation agreement which contained a waiver and release of each party's right of election against the estate of the other.   Despite such waiver release, after the testator's death his widow interposed a notice of election to take against his will, on the theory that the waiver release was not effective because it had not been '' either acknowledged or proved in the manner required for the recording of a conveyance of real property,'' as required by the statute (Decedent Estate Law, § 18, subd. 9).

At the trial of the issue of the validity of the notice of election, the Surrogate directed the widow, over objection, to state

whether she had signed the agreement. Under this direction, she admitted she had signed the document, but added: "I refuse to acknowledge it." Although the widow made this admission, the Surrogate refused to comply with the request of the executor's attorney that he attach a certificate of acknowledgment to the document. The Surrogate ruled that it had not been acknowledged during the lifetime of the testator and, hence: (1) that it was ineffective as a waiver and release; (2) that the notice of election was valid; and (3) that the widow is entitled to share in the decedent's estate as in intestacy.

The executor and temporary administrator, claiming that the Surrogate erred, relies on two cases (*Matter of Maul,* 176 Misc. 170, affd. 262 App. Div. 941, affd. 287 N. Y. 694; *Matter of Sommers,* 200 Misc. 1013) to sustain the contrary view.

This is a difficult case, for the widow has received the benefits of the agreement and it would be most equitable to give effect to the waiver. It is not novel in the law, however, to find a harsh result where statute or public interest requires strict and full compliance with certain formalities before rights may be predicated. By pertinent statutes, some agreements require a writing, wills require witnesses for enforcibility, and contracts fully documented and freely made are set aside for usury. In many instances injustice may result from adherence to the statutes; but the applicable statutory requirements of formality were founded on a sound public purpose, and the harshness which sometimes ensues generates increased respect for such statutory requirements and the public purpose which they implement.

The statute here does not use the device of the acknowledgment as merely an easy way of proof, as in the case of a deed or a mortgage. Instruments of that kind are good as against the parties thereto and are enforcible against all who know of them, whether acknowledged or not. But in the case of the waiver of the right of election, it is invalid and of no effect against anyone without the acknowledgment (*Matter of McGlone,* 284 N. Y. 527, affd. *sub nom. Irving Trust Co.* v. *Day,* 314 U. S. 556; *Matter of Colaci,* 288 N. Y. 158, 163).

Here, at the time of the filing of the notice of election by the widow, there was no valid waiver because there was no acknowledgment, and hence the notice of election was good. It is not within the pattern of the formality required, in such an important act as the waiver of all one's rights in the spouse's estate, to permit the procedure sought to be invoked by the petitioner. The instrument here was neither acknowledged nor subscribed by any witness.

*Matter of Howland* (284 App. Div. 306) is practically on all fours with the case at bar. There the court declared, upon almost identical facts, that the unacknowledged waiver was invalid.

In *Kissling* v. *Hearn* (264 App. Div. 900, affd. 290 N. Y. 563), a separation agreement containing a waiver of the right of election was unacknowledged. The court refused to compel acknowledgment in a suit for specific performance, although the agreement contained a provision in which the parties agreed to execute any documents necessary for its effectuation.

*Matter of Maul* (*supra*) is distinguishable from the instant case. There the instrument was subscribed by two witnesses at the time of its execution, and it was one of the subscribing witnesses, not the surviving spouse, whom the Surrogate required to furnish the acknowledgment.

There is also authority for the proposition that, when an acknowledgment is a prerequisite to the validity of an instrument, such acknowledgment by a party to the instrument must be a voluntary act and not one that is done under compulsion; and that the function of the officiating person in taking the acknowledgment of a party to an instrument and certifying thereto is ministerial and not judicial, and therefore is not coupled or implemented with the power to compel such acknowledgment (*Horbach* v. *Tyrrell,* 48 Neb. 514; 1 Am. Jur., Acknowledgments, § 7, p. 318).

Moreover, it is our opinion that the question of whether a surviving spouse has a right to elect to take against the deceased spouse's will should be tested as of the time of the deceased's death. As the court said in *Matter of Matthews* (255 App. Div. 80, 82, affd. 279 N. Y. 732), with respect to a spouse's right of election, her "property rights vested as of the date of the decedent's death"; and in *Irving Trust Co.* v. *Day* (314 U. S. 556, 562, *supra*), "Expectations or hopes of succession, whether testate or intestate, to the property of a living person, do not vest until the death of that person." (See, also, *Matter of Schurer,* 157 Misc. 573, 574, affd. 248 App. Div. 697; *Matter of Goldsmith,* 175 Misc. 757, 759.)

A ruling contrary to that herein made would give rise to the anomaly that success in enforcing an unacknowledged waiver of the right of election would depend upon fortuity. Should the surviving spouse die after exercising the right of election, but before trial or a possible examination before trial, the opportunity to ask the court to exact an acknowledgment from that party would become lost.

We have also considered the widow's contention that the waiver provision in the agreement, by its own terms, was sub-

ject to the condition of performance of the agreement by the testator, and that the latter breached the covenant in the agreement that neither of the parties would molest the other. We would not affirm the decree on the basis of this contention.

The decree should be affirmed, without costs.

HOPKINS, J. (dissenting). The issue is whether subdivision 9 of section 18 of the Decedent Estate Law prevents the enforcement of a waiver of the right of election embodied in a separation agreement admittedly executed but not acknowledged at the time of execution by the waiving party, whereby such party obtained real property and other rights as a consideration for the waiver, and after the death of the other spouse admitted before the Surrogate her execution of the agreement and the receipt of the consideration. We do not think that the statute is to be so narrowly construed as to forbid the enforcement of the waiver agreement under the circumstances of this case.

The widow and her deceased husband signed a separation agreement on November 3, 1950, and lived apart thereafter until the husband's death on July 20, 1954. The separation agreement provided for a property settlement on the widow, whereby her husband agreed to convey to her the family home in Brooklyn, New York, and the family furniture, and to pay to her the sum of $1,500 in installments. The agreement further provided that `` [u]pon full compliance by the husband of all the conditions prescribed herein and the full payment by him of all sums herein provided, the parties shall be deemed to have released and discharged each other from all claims against each other's estates respectively including the right of election to take against any will.'' We agree with the majority that on this record the evidence indicates that the husband fully complied with the conditions of the agreement.

The widow was represented by counsel in the execution of the agreement and consulted with him before signing it. Her husband's will, made on July 5, 1954, shortly before his death, stated that he made `` no provision for my wife Alice Warren for the reason that my said wife heretofore deserted and abandoned me, and, in or about the year 1950, received a property settlement from me.''

Before the Surrogate, the widow admitted that she had signed the separation agreement and received the property settlement, but refused to acknowledge her signature. Relying principally on *Matter of Howland* (284 App. Div. 306), the Surrogate held that the waiver of the right of election was ineffective because (1) the statute is not satisfied by mere proof of a genuine and

knowing signature, and (2) the acknowledgment was not performed during the lifetime of her husband.

*Matter of Howland* (*supra*) is not controlling here. There the agreement under scrutiny was made in 1932, and the opinion refers specifically to the provisions of the statute as it existed at the time the agreement was made (284 App. Div. 307–308, *supra*). The instant agreement was made in 1950, and in 1947 the statute was substantially amended (L. 1947, ch. 379). The amendment was preceded by a study and recommendation of the Law Revision Commission (1947 Report of N. Y. Law Rev. Comm., pp 25–26). The study states that " [t]he proposed statute is designed to express the law so as to remove the uncertainties which might result from the present ambiguous language of the statute " (1947 Report of N. Y. Law Rev. Comm., p. 26).

Prior to the amendment the statute, so far as pertinent, read as follows: " 9. The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage." (L. 1930, ch. 174.)

After the amendment the statute, so far as pertinent, read as follows: " 9. The husband or wife, during the lifetime of the other, may waive or release the right of election to take as against a particular last will, or as against any last will of the other spouse. A waiver or release of all rights in the estate of the other spouse shall be deemed to be a waiver or release of the right of election as against any last will. A waiver or release to be effective under this subdivision shall be subscribed by the maker thereof and either acknowledged or proved in the manner required for the recording of a conveyance of real property." (L. 1947, ch. 379.)

It will be observed that in at least two particulars the amendment affected the need for an acknowledgment of a waiver of the right of election.

First, the words " during the lifetime of the other " are removed from the sentence requiring an acknowledgment, and presently modify only the power to waive the right of election. Thus, the amendment requires that the waiver be executed during the lifetime of the spouses, but no longer requires that the acknowledgment take place during their lifetimes, thereby recognizing the force of the previous holding in *Matter of Maul* (176 Misc. 170, affd. 262 App. Div. 941, affd. 287 N. Y. 694).

Secondly, the amendment permitted the proof of the waiver in the manner required for the recording of a conveyance of real property, as an alternative to an acknowledgment (cf. *Matter of Maul, supra*).

Accordingly, *Matter of Howland* (284 App. Div. 306, *supra*) construed the statute prior to its amendment and does not apply to the instant agreement made after the amendment. As it now reads, the statute in our opinion does not require the acknowledgment or proof to take place during the lifetime of the spouses.

There is also no question that the Surrogate was empowered to take the acknowledgment of the widow (Surrogate's Ct. Act, § 20, subd. 12; Real Property Law, § 298, subd. 2; General Construction Law, § 11); and we think he did that within the meaning and intent of the statute when the widow testified before him that she signed the agreement. An acknowledgment '' proves the identity of the person whose name appears on the petition and that such person signed the petition'' (*Matter of Bristol* v. *Buck*, 201 App. Div. 100, 102, affd. 234 N. Y. 504; see, also, *Matter of Maul*, 176 Misc. 170, 172, affd. 262 App. Div. 941, affd. 287 N. Y. 694, *supra*). We do not think that the mere refusal to say the word '' acknowledge '' robs efficacy from the act, when at the same time the identity of the actor and the authenticity of the signature are admitted.

Form and ritual have their place in the law (cf. *People* v. *Zambounis*, 251 N. Y. 94, 97). But we may not so extend the purpose of ritual as to defeat the plain effect of an agreement acknowledged in open court to have been executed and performed by the parties.

Once the demands of ritual have received substantial compliance, then we need press them no further; else form is elevated above substance. Here, the widow executed a waiver of her right of election, obtained material benefits as a result, and yet seeks to secure a further share from her stranged husband's estate. We hold that her waiver was acknowledged within the intent of the statute and that it is now effective to bar her right of election.

The decree should be reversed and the matter should be remitted to the Surrogate's Court for further proceedings not inconsistent herewith.

KLEINFELD and BRENNAN, JJ., concur with CHRIST, J.; HOPKINS, J., dissents, in opinion, and votes to reverse the decree and to remit the proceeding to the Surrogate's Court for further proceedings not inconsistent with his dissenting opinion. UGHETTA, Acting P. J., concurs with HOPKINS, J.

Decree affirmed, without costs.