William J. Regan, S.
This is a proceeding to determine the validity and effect of a right of election filed by Josephine Guarnieri, the widow of the deceased. The executors contend that her right of election was effectively waived during the lifetime of the deceased.
Upon a hearing duly had on May 31, 1966 several witnesses produced by petitioners testified to the effect that the widow, Josephine Guarnieri, on several occasions said, “ at the time of our marriage Louis and I agreed that he would not claim any of my property and that I would not claim any of his, and that we were just married for companionship, both of ns having had our lives with our previous husband and wife and that I do not want one nickel of his property; that I would give my property to my family and he would give Ms to his own. ” The petitioners sought to establish an oral agreement that was made bv and between the deceased and the widow. It is alleged by petitioners that the oral agreement was executed by the acts of the parties herein, in that the widow, shortly after her marriage to the deceased in 1960, transferred two pieces of real property then owned by her to her children; that within a few days thereafter the deceased drew his last will and testament; that the deceased executed his will on October 1,1960, and by Paragraph Eighth thereof provided: ‘ eighth : I am not making any provisions for my wife, Josephine Guarnieri, because when we married we mutually agreed and consented that she would take care of giving all of her own Estate to her children, her family and her *600 distributees, and that I likewise would take care of giving all of my Estate to my family and my distributees, and therefore this will is in confirmation of that solemn agreement mutually consented to. ”
The deceased died on December 20,1964. It is the position of the petitioner herein that an executed oral agreement is valid under section 31 of the Personal Property Law. The argument is advanced that the only purpose of former subdivision 9 (now subd. 6) of section 18 of the Decedent Estate Law is to prevent fraud; that, in the absence of a showing of any fraud, an executed oral agreement is sufficient to waive the right of election otherwise available to a spouse.
Respondent widow, by her attorney, did not, upon the hearing, offer any testimony or evidence in rebuttal of that presented by petitioners, but relied solely on former subdivision 9 of section 18 of the Decedent Estate Law requiring that a waiver be in writing and duly acknowledged.
This is a rather novel position taken by the petitioners, but apparently it is not unique. Such attempts to defeat the right of election available to a spouse have been made over the years without success. In the case cited by petitioners reference is made to various antenuptial contracts and agreements in general. The court does not argue with the decisions therein held. However, it is this court’s opinion that the cases stated by petitioners are not applicable to the facts at hand. The law is well settled that in order for a waiver to be binding it must be evidenced by a duly acknowledged written instrument. (Matter of Howland, 284 App. Div. 306; Matter of Brown, 27 Misc 2d 821.) The statutory provisions in favor of a surviving spouse are remedial and are liberally construed. (Matter of Peter, 20 Misc 2d 1082.) The intent of the law has been sufficiently reflected even in those cases where a waiver of the right of election was subscribed but not duly acknowledged. (Matter of McGlone, 284 N. Y. 527; Matter of Colaci, 288 N. Y. 158.) It has been repeatedly held that an oral agreement would not be an effective waiver of the elective right, inasmuch as section 18 of the Decedent Estate Law does not permit such an oral waiver. (Matter of Brown, 27 Misc 2d 821; Matter of Rosenfield, 76 N. Y. S. 2d 177; Matter of Moore, 165 Misc. 683, affd. 254 App. Div. 856, affd. 280 N. Y. 733.) Oral agreements to waive are prohibited. The right of election may only be waived by strict conformity with the provisions of subdivision 9 of section 18 of the Decedent Estate Law.
In Matter of McGlone (284 N. Y. 527) it was indicated that an antenuptial agreement might be executed in such a manner *601 which satisfies the requirements of section 31 of the Personal Property Law and that any contractual rights so created are within the protection of constitutional guarantee. This decision further points out, however, that rights concerning the right of election of a spouse are created by the laws of the State of New York, not by contract. Since rights of descent and distribution of the decedent’s estate are created by the law of the State, the State may change or take away such rights, although it may not take away property which has vested by virtue of such rights. (Matter of Sherman, 153 N. Y. 1.) The Legislature, in enacting subdivision 9 of section 18 of the Decedent Estate Law, created such rights in the spouse which could be taken away only by statutory compliance. Section 31 of the Personal Property Law is not therefore applicable to the issue at hand.
It is accordingly the decision of this court that the testator’s surviving spouse, Josephine Guarnieri, has validly exercised her right of election to take her intestate share of the net estate.