William J. Regan, S.
Clara Zbaczyniak, the executrix, has instituted this proceeding to have the court determine the validity and effect of a right of election exercised by the widow of the decedent, Kathryn C. Kucera, notice of which has been filed with this court and served upon the petitioner. The decedent} Bernard H. Kucera, died on October 5, 1972, leaving a last will and testament dated August '8,1966, which will makes no provision for his said widow.
It appears from all the evidence submitted herein that the decedent and Kathryn C. Kucera entered into a written agreement of separation on May 26,1954, wherein each of them agreed to waive any and all claims against the estate of the other. This document was signed by both parties but was neither acknowledged nor sworn to. EPTL 5-1.1 (subd. [f], par. [2]) provides as follows:,
“ (f) Waiver or release of right of election. * * *
“ (2) To be effective under this section, a waiver or release must be in writing and subscribecL by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property.”
Petitioner contends that the acknowledgment required by statute need not take place during the lifetimes of the spouses (Matter of Maul, 176 Misc. 170, affd. 262 App. Div. 941, affd. 287 N. Y. 694), and that the Surrogate is empowered by subdivision 2 of section 298 of the Real Property Law to take the acknowledgment of the'widow.
Respondent contends simply that the, waiver was ineffective by reason of its failure to comply with the requirements of statute.
This court recently held in Matter of Guarnieri (50 Misc 2d 599), that in order for a waiver to be binding it must be evidenced by a duly acknowledged written instrument. Inasmuch as the rights of a spouse are created by the laws of the State of New York and not by contract, statutory compliance will be strictly adhered to. (Matter of Howland, 284 App. Div. 306; Matter of McGlone, 284 N. Y. 527.)
*458 While it is true that in Matter of Maul (176 Misc. 170, supra) the instrument was not acknowledged before a notary public or any other officer authorized to take an acknowledgment of a deed, it was.nonetheless witnessed. Such is not the case here. The admission of the surviving spouse that she signed the agreement is made after the death of the decedent and does not constitute an acknowledgment within the meaning of the statute. (Matter of Held, 24 A D 2d 506; Matter of Warren, 16 A D 2d 505, affd. 12 N Y 2d 854.)
It is accordingly the decision of this court that Kathryn C. Kucera has validly exercised her right of election to táke her intestate share of the net estate and that her notice of election has been properly served, filed and recorded as provided by law.