JOHN T. GEDNEY et al., Respondents, *v.* MARLTON
REALTY COMPANY, Appellant. (Actions 1 and 2.)

(Argued March 20, 1934; decided April 17, 1934.)

*John Vance Hewitt, Gilman L. Sessions* and *Henry M.
Bellinger* for appellant. The special act (Laws of 1865,
ch. 154) was constitutional with respect to the interest
of infants. (*Gedney* v. *Marlton Realty Co.,* 258 N. Y.
355; *Cochran* v. *Van Surlay,* 20 Wend. 365; *Leggett*
v. *Hunter,* 19 N. Y. 445; *Brevoort* v. *Grace,* 53 N. Y. 245;
*Matter of O'Donnell,* 221 N. Y. 197; *Towle* v. *Forney,* 14
N. Y. 423.)

*Eugene A. Sherpick, Harold R. Medina, Myles B.
Amend* and *John W. Jordan* for respondents. The effect

of the Court of Appeals holding on the prior appeal was to declare the act of 1865 unconstitutional *in toto*. (*Gedney* v. *Marlton Realty Co.*, 258 N. Y. 355; *Rathbone* v. *Wirth*, 150 N. Y. 459; *Matter of Village of Middletown*, 82 N. Y. 196; *People ex rel. Angerstein* v. *Kenney*, 96 N. Y. 294; *Jones* v. *Jones*, 104 N. Y. 234; *Lawton* v. *Steele*, 119 N. Y. 226; *Skaneateles Water Works Co.* v. *Village of Skaneateles*, 161 N. Y. 154; *Hauser* v. *North British & Mercantile Ins. Co.*, 206 N. Y. 455.) Whether plaintiffs' ancestor died testate or intestate makes no difference in the extent of the plaintiffs' interest. (*Matter of Merriam*, 136 N. Y. 58; *Loeb* v. *Hasslacher*, 209 App. Div. 58; *Livingston* v. *Livingston*, 56 App. Div. 484; 166 N. Y. 601.)

*Per Curiam.* The necessary and considered effect of the decision of this court on the prior appeal (*Gedney* v. *Marlton Realty Co.*, 258 N. Y. 355) was the invalidity of the special act of 1865 (Laws of 1865, ch. 154) as a whole. " The act of 1865, however, was enacted for the benefit of the life tenant, Rebecca T. Rice, and was not an authorization for an infant's proceeding for the benefit of Eloise Tonnele " (p. 361). The sale under the statutory proceeding was, therefore, of as little avail against the interest of Eloise Tonnele as it was against the adult interests. Moreover, the clearly expressed purpose of the statute was to " authorize the sale in fee simple absolute of the lots and real estate " therein mentioned. The clear invalidity of the statute as to non-consenting adult remaindermen entirely frustrated its purpose. Under such circumstances there may be no severance.

Whether John Tonnele, II, died testate or intestate as to the premises in question is concededly immaterial in this particular suit. Nor do we see any substantial basis for the application of the doctrine of estoppel.

The judgments should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgments affirmed.