In the Matter of the Estate of Louis KARRON, Deceased.

Surrogate's Court, Kings County, December 27, 1966.

*Berlin, Berelson & Rothaus (Armand J. Rosenberg* of counsel), for proponents. *George Berkowitz* for **contestant.**

EDWARD S. SILVER, J. In this contested probate proceeding proponent moves for an order dismissing the objections filed by the contestant. The basis of the motion is that the contestant's rights to share in the estate were terminated by reason of her adoption.

Contestant is the granddaughter by blood of the decedent. Her father, decedent's son, died in 1927. Her mother remarried. In 1934 contestant was adopted by her stepfather on the consent of her mother. Decedent died January 8, 1965. The motion by the proponent is based on the provisions of section 117 of the Domestic Relations Law, enacted by chapter 406 of the Laws of 1963, effective March 1, 1964, as amended by chapter 14 of the Laws of 1966, retroactive to March 1, 1964.

The pertinent provisions of the 1963 enactment are: '' The rights of a foster child to inheritance and succession from and through his natural parents shall terminate upon the making of the order of adoption *except as hereinafter provided.''* (Emphasis supplied.)

'' When a natural or foster parent, having lawful custody of a child, marries or remarries and consents that the stepfather or stepmother may adopt such child, such consent shall not relieve the parent so consenting of any parental duty toward such child nor shall such consent or the order of adoption affect the rights of such consenting spouse and such foster child to inherit from and through each other *and their natural and adopted kindred.''* (Emphasis supplied.)

The revision of the rights of inheritance of an adopted child was placed before the Legislature by the Temporary State Commission on the Law of Estates (Second Report, N. Y. Legis. Doc., 1963, No. 19).

The expressed design of the 1963 enactment as recommended by the Commission to the Legislature (p. 25) was '' to place the adopted child for inheritance purposes in the bloodstream of his new family just as a natural child, and sever insofar as

possible all connection with the natural family." It would appear that the "new family" would consist of the foster parent and the consenting natural parent. The statement of purpose quoted above is followed by the comment that "The only exception is where a natural parent marries or remarries and consents to the adoption of the child by the new spouse." This exception added nothing to the placing of the adopted child within the bloodstream of the new family unless it was intended to provide that the rights of the adopted child to inherit from *both* his natural parents was not to be impaired. Again in its "Recommendation in Brief" to the Legislature (Second Report, *supra,* p. 150), the commission pointed out that "the adopted child is the child of the foster parents and not of his natural parents unless the child is adopted by the spouse of the natural parent."

The note appended to the act of 1963 (see L. 1963, ch. 406) shows that the amendment was intended to sever all ties of an adopted child with his natural family:—"all inheritances by the adopted child from his natural family are terminated. * * * The only exception is where a natural parent remarries and consents to the adoption of the child by the spouse. In such case, the right of the adopted child to inherit from the natural family is unaffected by the adoption." No restrictive language is used in the note. The note said "natural family;" and did not limit it to the natural family of the consenting spouse. The natural family of a person includes the families of his natural father and his natural mother. "Words used in a statute are to be understood in their ordinary import" (*Matter of Cowles* v. *Board of Regents,* 266 App. Div. 629, 633, affd. 292 N. Y. 650) and there is no reason for not applying the same rule to a legislative note appended to a statute. While not controlling, the purposes of a statute contained in a note to it are of importance in interpreting the operative effect of the statute.

If the statute under consideration had ended with the words that neither the consent of the parent nor the order of adoption shall "affect the rights of such consenting spouse and such foster child to inherit from and through each other" there could be little controversy that the adopted child would be entitled to inherit only from the natural family of the consenting spouse and the family of the foster parent. The statute would have been clear and without ambiguity. But the Legislature did not stop there. It went on to add "and their natural and adopted kindred." Unless the Legislature intended the adopted child under the specified circumstances to have the right of

inheritance from and through his natural kindred including both his natural father and his natural mother, the added language " and their natural and adopted kindred " is superfluous. " Words are not to be rejected as superflous when it is practicable to give to each a distinct and consistent meaning." (*Palmer* v. *Van Santvoord,* 153 N. Y. 612, 616.) Effect must be given to all the language employed in a statute if possible and the court may not permit any of it to be disregarded under the guise of interpretation.

The court is of the opinion that, properly interpreted in the light of the language used in the statute as enlightened by the legislative note and the report of the Temporary State Commission on the Law of Estates, which drafted the statute, the Legislature intended an adopted child to inherit from his natural family including both the family of his natural father and the family of his natural mother as well the family of his foster parents.

In 1965 the Temporary State Commission on the Law of Estates again considered the problem presented in this proceeding. As then constituted, the commission did not have the same members as it had in 1963 at the time of its first report. It recommended (Fourth Report, Temporary State Commission on the Law of Estates, p. 103) an amendment to " provide specifically and clearly " that " all the rights of inheritance between the foster child and his natural parents will be severed except between the foster child and his natural mother or father who has remarried and consented to the adoption by the new spouse and not from his other natural parent." This resulted in the enactment of chapter 14 of the Laws of 1966, " retroactive to March 1, 1964 ", the effective date of the 1963 enactment. The amendment limited the right of the adopted child to inherit from and through the family of the adopting parent and the family of the consenting spouse. Incidentally, the Legislature which enacted this chapter was not the same Legislature which enacted the Laws of 1963. This chapter would, if valid, deprive an adopted child such as the contestant herein of rights which vested in her on the death of her grandfather. This the Legislature of 1966 had no power to do. (*Matter of McGlone,* 284 N. Y. 527, affd. *sub nom. Irving Trust Co.* v. *Day,* 314 U. S. 556; *Gedney* v. *Marlton Realty Co.,* 264 N. Y. 224.) The 1966 enactment did not deprive her of those rights. The motion to dismiss the objections is denied.