William J. Regan, S.
Florence H. Blake died on September 26, 1968. Her will, dated June 1, 1954, was probated in this court on October 16, 1968. Pending before this court is the judicial settlement of the accounts of the executrix upon which a question has arisen as to the rights of Susan Blake Jones, a grandniece of decedent’s late husband, Edward J. Blake.
Edward J. Blake died on February 6, 1954. Susan’s grandfather, a brother of Edward, and Susan’s father, a nephew of Edward, both were dead at that time, which made Susan a grandniece and as such a distributee of Edward upon his death. Susan’s mother had remarried and on February 19, 1954 Susan was adopted by her stepfather.
The pertinent portion of article Fifth of the will with which we are concerned states: “ I direct that $6,000.00, or one-half of my residuary estate, whichever is less, be distributed to those who would take if said Edward J. Blake had died intestate immediately after my death.”
Section 117 of the Domestic Belations Law provides as follows: “ § 117. Effect of adoption. 1. After the making of an order of adoption the natural parents of the foster child *277 shall he relieved of all parental duties toward and of all responsibilities for and shall have no rights over such foster child or to his property by descent or succession, except as hereinafter stated.
“ The rights of a foster child to inheritance and succession, from and through his natural parents shall terminate upon the making of the order of adoption except as hereinafter provided. * * *
‘ ‘ When a natural or foster parent, having lawful custody of a child, marries or remarries and consents that the stepfather or stepmother may adopt such child, such consent shall not relieve the parent so consenting of any parental duty toward such child nor shall such consent or the order of adoption affect the rights of such consenting spouse and such foster child to inherit from and through each other and the natural and adopted kindred of such consenting spouse.”
This statute became effective March 1, 1964 with the addition of certain amendments which became effective March 8, 1966 and were retroactive also to March 1, 1964.
The Temporary State Commission on Modernization, Revision and Simplification of the Law of Estates of this State recommended this statute, stating that the expressed design of this enactment was to place the adopted child, for inheritance purposes, in the blood stream of his new family, just as a natural child, and sever, insofar as possible all connection with the natural family. The only exception is where a natural parent marries or remarries and consents to the adoption of the child by the new spouse and in such case the adopted child would not lose any rights of inheritance from the natural parent so involved. (Matter of Karron, 52 Misc 2d 367.)
When testatrix made her will on June 1, 1954 she evidently was aware of the fact that her husband was dead, as well as who his distributees were at that time, which included Susan in her new status as an adopted child. Nevertheless, very clearly she postponed the time for ascertaining distributees of Edward J. Blake until the date of her death. She died September 26, 1968. As of that date Susan Blake Jones had been removed from the blood line of Edward J. Blake so that she was no longer an intestate distributee, and the court must find that Susan Blake Jones is not entitled to a share in the distribution under article Fifth of decedent’s will.