■ CHARLES A. VAUGHN, JR., Respondent, v MANOR TOWERS OWNERS CORP., Appellant, et al., Defendants.—Order of the Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered April 27, 1987, which, *inter alia,* denied defendant Manor Towers Owners Corp.'s motion to dismiss the first cause of action of the complaint and granted defendant's motion to dismiss the second cause of action, is unanimously modified, on the law, to grant the motion to dismiss the first cause of action, and otherwise affirmed, with costs and disbursements payable by plaintiff.

Defendant Manor Towers Owners Corp. is a cooperative

housing corporation located in the Riverdale section of The Bronx. It underwent co-op conversion pursuant to an offering plan promulgated in January of 1985. On September 2, 1985, plaintiff Vaughn purchased all of the interest in a subscription agreement for the acquisition of the shares of the corporation appurtenant to apartment 11-M. Thereafter, on October 22, 1985, the plaintiff entered into a contract to resell the shares relating to the same apartment.

At the closing, the plaintiff was required by the defendant co-op to pay a transfer fee of 10% of his profit, or $2,214.25. The payment of the transfer fee as a condition of sale was provided for in the offering plan, bylaws and proprietary lease. Plaintiff paid the fee under protest and commenced this action.

Defendant Manor Towers Owners Corp. moved, pursuant to CPLR 3211 (a) (7), for an order dismissing the complaint for failure to state a cause of action and plaintiff cross-moved, pursuant to CPLR 3212, for summary judgment.

The IAS court denied plaintiff's cross motion and granted defendant's motion to dismiss the second cause of action for conversion. However, it denied the motion to dismiss as to the first cause of action, i.e., that the transfer fee was unlawful and that plaintiff's payment of the fee was under "economic duress".

In *Fe Bland v Two Trees Mgt. Co.* (66 NY2d 556), the Court of Appeals found that the proprietary lease and bylaws of a cooperative corporation may adopt a transfer tax which complies with section 501 (c) of the Business Corporation Law. However, it provided that a provision which imposes a transfer tax proportional to the profit earned by each assigning shareholder/lessee, but not proportional to the number of shares held by the shareholder in relation to the total number of shares issued, violates Business Corporation Law § 501 (c)'s requirement that each share of a class of stock be equal to every other share of the same class.

Subsequent to this decision, Business Corporation Law § 501 (c) was amended to provide that "shares of the same class shall not be considered unequal because of variations in fees * * * upon sale or transfer of shares and appurtenant proprietary leases that are provided for in proprietary leases, occupancy agreements or offering plans or properly approved amendments to the foregoing instruments." (L 1986, ch 598, § 1.)

This amendment further stated, in section 2, as follows:

"This act [amending § 501] shall take effect immediately [July 24, 1986] and shall be deemed to apply to shareholders of cooperative apartment corporations from and after the date of execution of the proprietary leases and occupancy agreements executed before the effective date of this act."

While there is a presumption that a statute is intended to operate prospectively only, such a presumption is overcome when the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive construction (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b], at 87). Such is the case herein.

The Legislature intended this statute to be applied retroactively and so stated in the express language of the amendment. Thus, it was to take effect immediately "to apply to shareholders of cooperative apartment corporations from and after the date of execution of the proprietary leases and occupancy agreements executed *before* the effective date of this act" (emphasis added).

This cooperative corporation has always had a provision imposing a transfer fee. As noted, it was included in the offering plan and bylaws when plaintiff purchased his shares. Therefore, there is no retroactive application of a transfer fee herein. There is only a retroactive application of the amended section 501 of the Business Corporation Law, to ensure that such fees do not violate the "proportionality" requirements of that section. Thus, it validates the transfer fee provisions in bylaws and certificates of incorporation already in existence at the date of enactment. It clearly cannot be interpreted, as feared by the IAS court, to amend bylaws and certificates, which previously had no transfer fee provisions, to tax prior sellers.

Neither the State nor Federal Constitutions contain any prohibition against all retroactive laws. However, the Legislature, while it can take away rights created by the law of the State, may not take away property which has vested by virtue of such rights *(Matter of McGlone,* 284 NY 527, *affd sub nom. Irving Trust Co. v Day,* 314 US 556). We have not ruled on this issue, however, since the constitutionality of the statute herein, as applied to plaintiff, has not been raised before us or at the IAS court. Concur—Murphy, P. J., Ross, Asch and Smith, JJ.