# KAREN THOMAS, Plaintiff, v 81-87 OWNERS CORP., Defendant.

Civil Court of the City of New York, Kings County, January 5, 1989

### APPEARANCES OF COUNSEL

*Ross & Hill (James Ross* of counsel), for plaintiff. *Haas, Greenstein, Sims, Cohen & Gerstein, P. C. (Scott Epstein* of counsel), for defendant.

### OPINION OF THE COURT

ALAN L. LEBOWITZ, J.

The primary issue to be decided by this motion for summary judgment is whether the defendant corporation had the authority to collect a transfer tax, commonly known as a flip tax, on the sale of plaintiff's cooperative apartment located at 81 Columbia Heights, Brooklyn, New York.

The pertinent facts are as follows:

Pursuant to paragraph 7 of the fourth amendment to the offering plan dated July 14, 1982, the bylaws and proprietary lease were amended to provide for the enactment of a transfer tax on the sale of each apartment. The amendment was duly filed with and accepted by the Attorney-General of the State of New York. The offering plan was declared effective on August 20, 1982.

Plaintiff purchased the apartment in 1984 for $46,000. She alleges that she made substantial capital improvements to maximize its resale value. The alleged sum for these improvements totaled $28,175.

In addition to this sum, she also expended $7,100 for brokerage commissions and $1,000 for attorney fees. Thereafter, on December 3, 1985, she sold the apartment for $120,000. At the closing, she was required to pay a transfer tax of $9,853.18 which she paid under protest. She claims that the closing could not take place unless she agreed to pay the above-mentioned sum. Plaintiff argues that she was required to pay the transfer tax on a net profit of $74,000 which she states is erroneous. Plaintiff contends that the cooperative should have deducted her costs for capital improvements together with the brokerage commissions and legal fees and compute the transfer tax on this net figure which she computes as $36,275.

Plaintiff contends that the 15% transfer tax was declared illegal by the New York Court of Appeals in the case of *Fe Bland v Two Trees Mgt. Co.* (66 NY2d 556 [1985]).

She further alleges that the amendment to Business Corporation Law § 501 (c) occurred after the sale and therefore was not applicable to her sale. In addition, she claims that article X of the bylaws of the corporation only empowers shareholders and directors to amend the bylaws and since the bylaws were amended by the sponsor, the amendment was therefore illegal.

In *Fe Bland v Two Trees Mgt. Co.* (66 NY2d 556, *supra),* the court held that the bylaws and proprietary lease of a cooperative corporation may adopt a transfer tax in compliance with Business Corporation Law § 501 (c). The court stated a provision which imposes a transfer tax proportional to the number of shares held by the shareholders in relation to the total number of shares issued violates the Business Corporation Law § 501 (c)'s requirement that each share of a class of stock be equal to every other share of the same class.

Subsequent to the *Fe Bland* decision *(supra),* the Legislature amended Business Corporation Law § 501 (c) (L 1986, ch 598) to provide that shares of stock of cooperative corporations: "shall not be considered unequal because of variations in fees * * * upon sale or transfer of shares and appurtenant proprietary leases that are provided for in proprietary leases, occupancy agreements or offering plans or properly approved amendments to the foregoing instruments."

The amendment provided that the act shall take effect on July 24, 1986 and shall be deemed to apply to shareholders of cooperative apartment corporations from and after the date of execution of the proprietary leases and occupancy agreements executed before the effective date of the act.

It is clear by the language of the statute that the Legislature intended the statute to have a retroactive effect, thus, overcoming the presumption that a statute operates prospectively. (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]; *Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d 32 [1st Dept 1988]; *Vaughn v Manor Towers Owners Corp.,* 135 AD2d 380 [1st Dept 1987].)

Plaintiff's contention that the amendment was made by the sponsor and not the shareholders or directors was invalid is without merit. At the time of the adoption of the fourth amendment to the offering plan, the sponsor was the sole shareholder and incorporator of the defendant corporation and as such possessed the undisputed power to enact the amendment. *(Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d, *supra,* at 37; *Quirin v 123 Apts. Corp.,* 126 AD2d 99 [1st Dept 1987].)

At the time plaintiff purchased her apartment she was aware of the amendment to the bylaws and the provisions of the proprietary lease authorizing the flip tax. She purchased the apartment with this knowledge and cannot now state she was not aware of this provision.

Accordingly, partial summary judgment must be entered in favor of the defendant corporation upholding the validity of the corporation to impose the flip tax in dispute.

However, there remains a triable issue as to the amount of the tax plaintiff was obligated to pay at the time of the sale. The court cannot ascertain whether the sum of $9,853.18 is the proper amount and how that sum was arrived at.

Accordingly, partial summary judgment is granted in favor of the defendant upholding the validity of the transfer tax. However, the matter is set down for trial on the issue of how much of a tax should have been imposed and how this figure was arrived at.